PENSENNEAU, Respondent, *vs.* PENSENNEAU *et.al.*, Appellants.

1. A. B. and C (A. and B. having husbands living) owning land in co par- cenary, an amicable partition is made and equal shares allotted to each; in making the mutual conveyances to complete and perfect the partition, B. and husband and C. convey to A.'s husband instead of to A. herself; and the deeds of A. and her husband to B.'s husband and to C. are so acknowl- edged as to pass only the life interest of the husband : *held,* in a suit by A. against the heirs of her deceased husband, that there is no equity in her favor to obtain a devestiture of the title that descended to the defendants from the husband of plaintiff.

2. *Semble :* That lands acquired in this state in exchange for land in the state of Illinois, clothed with a trust in the latter state, will be held subject to the same trust; but the question whether the land in Illinois is held subject to a trust must be determined by the law of Illinois.

3. Where a suit is brought to enforce a trust, with reference to specific prop- erty, and the plaintiff prays a devestiture of title; and also prays that, if the court should refuse the first prayer, the rights of plaintiff and also of defendants may be ascertained and a partition and division decreed accord- ingly : *held,* that the alternative relief prayed is founded on the assump- tion that the cause of action is wholly misconceived, and should not be granted. A plaintiff cannot ask in his petition, that, if he should have mistaken his remedy, and should fail to obtain the relief prayed, another and a different cause of action may be tried.

### *Appeal from St. Louis Circuit Court.*

This was an action, in the nature of suit in chancery, brought by the plaintiff, Elizabeth Pensenneau, widow of Laurent Pen- senneau, against defendants, the heirs at law of said Laurent,

to establish and set up a trust as against the said defendants. The facts as found by the court, and as they appear from the admissions of parties, are as follows :

In the year 1835, one John Hays died seized of the north-west quarter of block No. 78 in the city of St. Louis, and of a tract of land in St. Clair county, Illinois, as shown by the following diagrams :

*Block No.* 78.        *Illinois Land.*

Hays left three daughters, his only heirs at law, viz : the plaintiff, Elizabeth Pensenneau, then wife of Laurent Pensenneau ; Catherine, then wife of Edward Caya, and Jane Mc-Kenney, a widow. In the year 1839, an amicable partition and division of the said tracts was made by the plaintiff, and her husband, Laurent Pensenneau, the said Catherine Caya and her husband, Edward, and the said Jane McKenney, as follows : for the plaintiff's share they allotted the lots marked upon the above diagrams, E. P., No. 1, E. P., No. 2, and E. P., No. 3 ; for Jane McKenney's share they allotted the

lots marked on the above diagrams, J. McK., No. 1, and J. McK., No. 2; for Catherine Caya's share they allotted the lots marked C. C., No. 1, and C. C., No. 2. On the 9th day of July, in the said year 1839, the plaintiff and her husband, Laurent Pensenneau, the said Catherine Caya and her husband, Edward Caya, and the said Jane McKenney, with a view to complete and perfect the said partition, executed to each other mutual conveyances, according to the allotments above stated; but in conveying the share which had been allotted to plaintiff, the said Catherine Caya and husband, and the said Jane McKenney, made their conveyances to the said Laurent Pensenneau, instead of to plaintiff; so also the said Elizabeth and her husband, and the said Jane McKenney, in conveying the share which had been allotted to Catherine Caya, conveyed the same to her husband, Edward. The deeds executed by Pensenneau and wife to E. Caya, and to Jane McKenney, and also the deeds executed by the said Caya and wife to the said Laurent Pensenneau and the said Jane McKenney, were not acknowledged so as to pass the interest of the wives, Elizabeth and Catherine, in the lots in block No. 78, but were duly acknowledged so as to pass the Illinois land.

On the 15th day of April, 1840, the said Laurent Pensenneau and Elizabeth Pensenneau, his wife, conveyed to Jane McKenney the lot situated in block 78, and marked upon the above diagram E. P., No. 2, in consideration of a conveyance executed the same day by the said Jane to the said Laurent, of her portion of the Illinois land, to-wit: that marked J. McK., No. 2, on the above diagram.

On the 16th day of September, 1842, the said Catherine Caya and her husband, Edward Caya, conveyed to said Laurent Pensenneau the lot in block 78, marked upon the above diagram C. C., No. 1, which had, in making partition, been allotted for part of said Catherine's share, in consideration of a conveyance executed on the 14th of the same month by plaintiff and her husband to said Edward Caya, of the two parcels of land marked upon the above diagram E. P., No. 3, and J.

McK., No. 2. It is further found by the court that the plaintiff is illiterate, being unable to read or to write, and that the partition deeds above mentioned were drawn and executed under the direction of the said Laurent Pensenneau and Edward Caya ; that the said Laurent died July 18, 1848, leaving the defendants his heirs at law ; that said Laurent, in his lifetime, expended the sum of $1000 in improvements upon the lots in controversy in the present suit. In the year 1848, after the death of said Laurent Pensenneau, Edward Caya and Catherine, his wife, conveyed to plaintiff all their interest in the lots in block 78, marked upon the above diagram E. P., No. 1, and C. C., No. 1. The plaintiff prays that the title of defendants to the lots in block 78, marked upon the above diagram E. P., No. 1, and C. C., No. 1, acquired by descent from Laurent Pensenneau, be devested out of them and vested in the plaintiff. The petition contains the further prayers : " or that the same decree may be made as to so much of the said interest and estate as she may be entitled to ; but, if the court shall be of opinion, and shall decide upon the trial or hearing of this cause, that plaintiff is not entitled to the relief above prayed in equity and in conscience, the plaintiff prays that her rights and the rights of the defendants in the said lots of ground may be ascertained, and a partition and division of the same decreed accordingly. Plaintiff claiming and insisting that she is entitled to the whole of the two lots last above described, is yet desirous that the defendants, if the court shall adjudge they have any equitable and just title thereto, may have their interest ascertained and set off to them, and plaintiff avers that she is entitled to the following interest in the said lots at all events : First, as to the lot at the corner of Fourth and Poplar streets, she is entitled to one-third in fee as one of the heirs at law of John Hays, deceased ; second, she is entitled to the interest of the said Catherine Caya as one of the heirs of said Hays, because the said interest was not conveyed by the deed of July 9, 1839, to said Laurent Pensenneau, but was conveyed to plaintiff by said Catherine Caya and husband, after the death of

said Pensenneau ; and, third, that as widow of said Laurent Pensenneau, she is entitled to one half of the residue as her dower, she being entitled by law to take by election one half of the real estate of her said husband as dower. Secondly, as to the lot fronting on Poplar street, (that marked in diagram C. C., No. 1,) plaintiff is entitled to as follows : First, one third thereof as one of the heirs of said Hays, the deed to Edward Caya being inoperative and void as to her, and not conveying her third to said Caya; second, she is entitled to the interest of said Catherine Caya as one of the heirs of said Hays, the said interest not having been conveyed to said Laurent by said deed No. 3, because the same is inoperative to convey it, but the said interest is vested in plaintiff by deed B, No. 4 ; and, third, she is entitled to one half of the residue as dower by her election as above stated."

The court decreed that the lots marked E. P., No. 1, and C. C., No. 1, be devested out of the defendants and vested in the plaintiff ; whereupon the defendant appealed to this court.

*Krum & Harding*, for appellant. 1. The respondent's petition contains no case for relief ; taking its allegations to be true, Jane McKenney is the person entitled to such relief. 2. The respondent failed to show an implied or resulting trust. No declaration of respondent's husband was shown to the effect that such a trust existed. No consideration moved from the respondent in the conveyances made by Laurent Pensenneau, nor was any portion of the purchase money named in the deed ever paid by her. The conveyance to Laurent Pensenneau was made for a good and valid consideration, moving from him, to-wit, his conveyance of his interest in his wife's estate.

*S. Reber*, for respondent. 1. The only question that arises as to the lot at the corner of Fourth and Poplar streets, (marked E. P., No. 1,) is, whether the deed executed to make and consummate a partition of the wife's property, though executed to the husband, enured to the benefit of the wife. The consideration moved from her and there is a resulting trust in her favor. The object was not to acquire land for the husband,

but to make partition of the land of which the wife and her sisters were owners. (Weeks v. Haas, 3 W. & S. 520 ; 4 Grattan ; 2 Ves. 488 ; Trustees of M. E. Church v. Jacques, 1 Johns. Ch. 450, 457.) 2. As to the lot marked on diagram C. C., No. 1, two questions arise. The first is the same as that just stated ; the second is whether when trust property is exchanged for or converted into other property, such other property is also clothed with a trust. That it is, see 2 Sto. Eq. p. 443, and cases cited above; also Malin v. Malin, 1 Wend. 625, 680–1. 3. The evidence offered to show the consideration of the conveyances was properly admitted. (16 Wend. 465 ; 14 Mo. 580 ; 17 Mo. 58 ; 1 John. Ch. 582 ; 2 id. 405.) 4. It is contended on the other side that some of the partition deeds are defectively executed ; that by reason of these defects, the interests of the wives did not pass ; that Laurent Pensenneau and wife, by their deeds to Edward Caya and Jane McKenney, only passed the interest of Laurent Pensenneau, and that consequently no part of the consideration for the conveyances to Laurent Pensenneau moved from his wife, the present plaintiff. To this it is answered that the deeds of the Illinois land were executed in due form, so as to pass all the interest of Laurent Pensenneau and wife ; that this is a case of partition—the parties divided and allotted the land and held it in severalty, and although they failed to execute the deeds, so as to fully carry out their intention, the quality and effect of what was well done were not changed on account of the failure to do every thing well. If Laurent Pensenneau would have taken the land subject to a trust in favor of his wife, if the deeds had all been duly executed, he could not claim that he was a purchaser, because they were not executed. The partition might have been by parol. (Co. Litt. p. 169 ; 25 Wend. 436.) A married woman may avoid an unequal partition when she becomes discovert ; but if she acquiesces after her coverture ceases, she will be bound by it. (Co. Litt. 170.) Plaintiff does not seek to disturb the partition ; she could not do it if she would, having acted upon and acquiesced in it. It can make

no difference to Mrs. McKenney, whether the title she conveyed to L. Pensenneau is in him or in the plaintiffs. But the interest actually conveyed to Mrs. McKenney was the property of the plaintiff ; held by her husband, it is true, in right of their marriage, but still it was hers. If Mrs. McKenney did not get all that was intended by the deed of L. Pensenneau and wife, what she did get was at least part of the interest of one of the co-parceners, and it was in consideration of that interest (which she supposed to be larger) that she conveyed one-third in fee to that co-parcener's husband, not as purchaser, but to make partition. ·It does not lie in the mouth of L. Pensenneau or his heirs, to say that Mrs. McKenney never received the whole consideration for which she conveyed an interest to him. If Mrs. McKenney is satisfied, shall Pensenneau or his heirs complain for her ? They are strangers, and can not assert her rights. (Guest v. Farley, 19 Mo. 151.) The plaintiff, by seeking to obtain the land conveyed by Mrs. McKenney, confirms the other part to her.

Scott, Judge, delivered the opinion of the court.

Elizabeth Pensenneau, the plaintiff, claims that a trust results to her in the land in controversy, because it was an inheritance derived from her father ; and her husband, in making a partition with her co-heirs, took a deed for her share in his own name, by which he clothed himself with a trust as to it ; and now that he is dead, that she is entitled to have it executed by a conveyance to her of the title in fee simple.

If it were conceded that the law is as assumed by the plaintiff in relation to a resulting trust in her favor, yet a difficulty arises from the fact that the deed in which she joined with her husband in making partition with her co-heirs, was not executed by her in such a way as to pass her interest in the inheritance derived from her father, so that she is now in the same situation she would have been had no partition been made. Her

husband had a life estate in her land, and, as the matter stands, that estate was the sole consideration which was given for the land, which he acquired by the partition among the co-heirs of his wife, the plaintiff. Elizabeth Pensenneau, the complainant, not having acknowledged the deed in such manner as to pass the estate she had in the land, she now stands as though the partition had not been made, and is at liberty to assert her rights, freed from all embarrassments, so far as appears from the record, created by her husband's deed to her co-heirs.

The foregoing observations apply to the lot situated in St. Louis. As to the tract of land lying in the state of Illinois, the deed of partition was effectual to convey all the estate owned there by the plaintiff. In the partition made in Illinois, the husband of the plaintiff took the conveyance in his own name, and the portion thus acquired he conveyed as part of the consideration for the lot originally assigned to Caya and wife in the partition made of the inheritance situated in St. Louis. Now, if, in making a partition of lands in Illinois, belonging to the wife, as a co-parcener, the deed should be taken in the name of her husband, whether a trust results to the wife is a question to be settled by the laws of that state. If it should be found that the husband in such case would hold as a trustee for his wife, then the question arises whether lands here acquired by an exchange or sale of land in Illinois will be impressed with the trust with which it was clothed in that state. According to the views heretofore entertained by this court, it would seem that lands thus acquired would be held subject to the trust with which the land was clothed, for which they are exchanged or sold. (Depas v. Mays and wife, 11 Mo. 317.) The question arising under the partition made in Illinois, by reason of the husband taking the deed in his own name, has not been discussed in reference to the laws of that state, and we are unwilling to hazard an opinion in reference to it, especially as it is not necessary in the aspect which the case now assumes.

We are embarrassed in relation to that part of the petition

which asks for a partition of the premises as alternative relief to that sought by the case as state l. We do not know on what principle it is founded. Is it to be sustained by the provision contained in the third section of the 17th article of the present practice act, which says : "The court may grant any relief consistent with the case made by the complainant, and embraced within the issue ?" What is the meaning of this provision ? Can it be that the plaintiff may, in his petition, ask that, if he fails to make out his case, as stated, that then the court may from the facts, as they turn out, try another and a different action, and give the party the alternative relief sought ? Can a plaintiff say the facts of his case are one way, and ask the relief to which they entitle him, and then require the court, if he should on the trial fail to prove his case, to try another cause of action, and ascertain whether he is not entitled to other relief ? Here is a petition to enforce a trust. The facts are stated with an eye to that relief. Now, on what principle can the plaintiff ask that, if he is mistaken in the facts, as stated, that then his case may be turned into a petition for partition. The plaintiff must ascertain the facts of his case before he brings his suit. He must state them in a way to entitle him to the relief he seeks. If, on the trial, it turns out that he was mistaken as to the facts of his case, the third section of the 11th article of the practice act affords him a remedy. We understand the clause above cited to mean, that, if on the facts as stated, the plaintiff is entitled to relief of two or more kinds, and he asks for only one kind, yet failing to obtain that, he may have any other relief to which his case, as made, entitles him. He can not ask in his petition that, if he should be mistaken as to its remedy and fails to obtain the relief he seeks, then that another and a different cause of action may be tried. For the purposes of his action, he must assume that the facts are one way and asks the appropriate relief. He must rely on the facts as stated; if he is mistaken, then the third section of the 11th article of the practice act prescribes a remedy which he

must ask from the court, and not come here and object for the first time that it was not allowed him. (Robinson v. Rice, 20 Mo. 229.)

The alternative relief here sought is founded on the assumption that the cause of action is wholly misconceived, and is entirely inconsistent with and foreign to the case as stated in the petition. Moreover, the necessary parties were not before the court in order to make a partition of the premises.

The difficulty in this case grows out of the omission or unwillingness of the plaintiff to determine on what grounds she will stand. She must either abide by the partition or disclaim it. If she insists that there was a binding partition, let her make a deed confirming it, the only effectual mode by which it can be done. Then she will be in a position to claim an enforcement of the trust, if there is any. If she is unwilling to do this, then let her declare the nullity of the deed of partition, growing out of the imperfect mode of executing it. Failing to do one or the other of these things, she will not be permitted to litigate her rights, without determining what they are, before she institutes her suit. The judgment is reversed, and the bill dismissed without prejudice.