CATHARINE M. COOK, Appellant, v. ARTHUR W. ELLIOTT, Respondent.

*Statute of Frauds—Contract—Consideration.*—A promise to pay the debt of another, although in writing, must be founded upon a sufficient consideration.

*Appeal from St. Louis Common Pleas Court.*

*Rankin* and *Knox & Smith,* for appellant.

*R. S. Hart,* for respondent.

BAY, Judge, delivered the opinion of the court.

This was a suit instituted in the St. Louis Court of Common Pleas, to recover of the defendant upon his written undertaking to pay the debt of another, which undertaking is in the words and figures following, to-wit :

" St. Louis, April 28, 1858.—I hereby agree to pay, or cause to be paid, to C. M. Cook or order, two promissory notes, given by one John Sigerson & Bro., dated Cincinnati, December 15 and 16, 1857 ; one for three hundred and eighty-seven dollars and eighty-six cents, payable to order of C. M. Cook, one year from date ; the other for two hundred and fifty-four dollars and twenty-five cents, payable to the order of John Sayers, due one year from date, on the following conditions, that I remain owner and in possession of the Sigerson nursery stock at maturity of said notes.— A. W. Elliott."

The petition alleges that at the maturity of said notes Elliott was the owner and in the possession of the Sigerson nursery stock, which is not denied by the answer ; also, that

said defendant received a good and valuable consideration for his said undertaking, which is denied by the answer.

The defendant in his answer states, that he never received from Sigerson & Bro., or from plaintiff, any consideration whatever for said promise.

Upon the trial plaintiff read in evidence the Sigerson notes and the obligation of defendant, and also two letters of defendant, addressed to J. S. Cook, one dated October 20, 1858, and the other May 24, 1859. No other evidence was given, and the court, at the instance of defendant, instructed the jury that upon the evidence in the case the plaintiff was not entitled to recover; whereupon plaintiff took a non-suit with leave, &c.

We are of opinion that the instruction was properly given, for the evidence, as preserved in the bill of exceptions, fails to disclose any consideration whatever for defendant's promise to pay the debt of Sigerson & Bro. It is insisted by appellant in her brief that the instrument sued on is a note or obligation, which imports a consideration, and comes within the rule laid down by this court in Caples v. Branham, 20 Mo. 244. We can see, however, no analogy between the two cases. In Caples v. Branham, the action was founded on a subscription paper, signed by defendant and others, by which defendant agreed to pay to the trustees of a church $100, for the purpose of building school houses; and this court held, that it was a note for the payment of money, and imported a consideration. But the case at bar is founded on a written promise or contract to pay the debt of another, which is of no force whatever unless based upon a good and valid consideration.

The other judges concurring, the judgment of the court below will be affirmed.