JAMES S. DOUGHERTY, Respondent, *v.* LEONARD MATTHEWS, Appellant.

1. *Landlord and Tenant—Lease—Assignee—Contract.*—Where the estate of the lessee has been assigned with the consent of the lessor, the assignee may assign the estate without the consent of the lessor. A contract by the assignee to the lessor, to be responsible for rents accruing after his assignment, would be without consideration and void.

2. *Courts—Jurisdiction.*—To give the St. Louis Land Court jurisdiction under 2d sec. of the act establishing the court (R. C. 1855, p. 1392), it must appear from the petition that the obligation which is the ground of the action arose out of a lease, or by virtue of some contract created by it, or some liability incurred under it.

3. *Practice—Trial—Variance.*—The plaintiff cannot set up one cause of action in his petition, and on the trial prove another and a different one. If he allege a parol contract in his petition, he cannot at the trial prove a contract under seal.

Dougherty v. Matthews.

*Appeal from St. Louis Land Court.*

The petition was as follows:

" In St. Louis Land Court, October Term, 1861. James S. Dougherty, plaintiff, v. Leonard Matthews, defendant. Plaintiff, by attorney, states that on the 1st day of August, 1859, one Edward A. Tudor leased of plaintiff, for the term of three years from the said 1st day of August, 1859, the store at the north east corner of Almond and Fourth streets, in St. Louis, Mo., at the yearly rent of four hundred and fifty dollars, payable monthly, in equal sums of $37\frac{1}{2}$ dollars, the first payment to be made on the first of September, 1859, and on the 1st of each month thereafter; that said lease was in writing, and signed by plaintiff and said Tudor, and that said lease was not to be assigned without the consent in writing of said plaintiff. Plaintiff alleges that on the 5th of April, 1860, the said Tudor assigned said lease to the defendant, Leonard Matthews, who accepted said assignment and thereby became liable for said rent; that thereafter said defendant desired to assign said lease to one —— Greenleaf, and requested the consent of plaintiff therefor, which plaintiff gave on the express condition that he, said defendant, would assume the prompt payment of the rent reserved in the foregoing above-mentioned lease to said plaintiff; and said defendant accepted said condition in consideration of said consent, and on the 26th of April, 1860, assigned said lease to said —— Greenleaf, as so authorized by plaintiff, and thereby said defendant became liable, by said undertaking, to pay said rent as it became due by the terms of said lease. Plaintiff states that on the 1st of September, 1860, there had become due to plaintiff from defendant, under said lease and undertaking, six months' rent on said premises, amounting to 225 dollars, which has been demanded of defendant and has not been paid, and is now due and unpaid, and for which plaintiff now asks judgment with interest."

*Holliday,* for appellant.

I. The court erred in admitting the "written consent" of Dougherty to Matthews in evidence on the part of the plaintiff, because of the variance between that and the "written consent" or undertaking declared on in the petition.

"If any part of the contract proved should vary materially from that which is stated in the pleadings, it will be fatal." (1 Greenl. Ev. §§ 66, 68.) The allegation in the petition is that Matthews "assumed" the payment of the rent; the written consent offered in evidence stated that Matthews "assured" the prompt payment of the rent.

II. The Land Court did not have jurisdiction. The only clauses, under the act establishing the Land Court, under which jurisdiction can be claimed, are two : the one giving said court jurisdiction of all actions "for enforcing the rights and obligations of lessors and lessees and their respective assignees," the other granting that court "concurrent jurisdiction with the Circuit Court for the collection of demands whose consideration is real estate or any interest therein."

The relation of the parties to each other gives the jurisdiction in the former case—it is "for enforcing the rights and obligations of lessors and lessees and their respective assignees," and in the latter clause the subject matter gives the jurisdiction, "the collection of demands whose consideration is real estate or any interest therein."

*a.* Is this suit for the purpose of "enforcing the rights and obligations of lessors and lessees and their respective assignees" ?

The defendant is not a lessee ; Tudor was the lessee. He is not lessor; plaintiff was the lessor. The only question left under this clause is, was defendant an "assignee" of the lessee at the time this suit was instituted, and does the plaintiff seek to charge him as assignee of the lessee ? Is he sued under the obligations he incurred as assignee, and, if he is, is he liable as assignee ?

The appellant insists that the petition does not charge him as assignee, but by virtue of the new undertaking in "assuming" to pay the rent. Still the defendant is not liable as

assignee. An assignee of a lease is only liable by privity of estate; to discharge himself from all liability he has only to assign over. (McKee v. Angelrodt, 16 Mo. 283; Armstrong v. Wheeler, 9 Cow. 88; Tayl. Landl. & Ten. § 680; Pitchey v. Lovey, 1 Show. 340.; 1 Sand. 56; Smith's Landl. & Ten. 293, 294, *n.*)

An assignee is not liable for rent accruing after an assignment, even though such assignment is wrongful. (Paul v. Nurse, 2 M. & R. 525; Odell v. Wake, 3 Camp. 394; 1 C. & M. 640; 3 Tyr. 637; Collins v. Couch, 13 Jur. 361.)

An assignee may discharge himself from all liability for subsequent breaches, both as regards rent and other covenants, by assigning over (Hurst v. Rodney, 1 Wash. C. C. 375; 12 Mod. 371); as, for instance, to a beggar (2 Atk. 546; Taylor v. Shum. 1 B. & P. 21); or to a *femme covert* (Barnfather v. Jordan, 2 Dougl. 452); or to a person on the eve of quitting the country forever, provided the assignment be executed before his departure. (Onslow v. Corrie, 2 Madd. 330.)

And this is the case, even though the assignee receive a premium from the assignor as an inducement to accept the transfer (2 Atk. 546); because the assignment destroys the privity of estate, which was the only ground upon which the assignee was liable; and though the lessee's liability on his covenant to pay rent subsists during the continuance of the lease, there is no personal confidence in the assignee of the lessee. The lessee remains liable by privity of contract. (Tayl. Landl. & Ten. § 452.)

At the time the rent sued for accrued, the defendant had assigned over to Greenleaf; having assigned over, there was no privity of estate between the plaintiff and defendant, and that is the only ground upon which he could be liable as " assignee."

*b.* Is the " consideration of the plaintiff's demand real estate, or any interest therein "?

If the defendant is liable at all, he is only liable by reason of his special contract, the " written consent," &c.; he is not

liable at all on the lease. (Bain v. Clark, 10 Johns. 424; Smith v. Mapleback, 1 T. R. 441.) In Bain v. Clark, the lessee surrendered before the year was out, holding himself liable to pay the year's rent, and agreeing that the lessor might take all lawful means for the recovery thereof according to the lease. This surrender was endorsed in the above terms on the lease.

The "written consent" of Dougherty, that Matthews might assign the lease to Greenleaf, was the only consideration for the special agreement by Matthews to assure the payment of the rent. This was not real estate or any interest therein. No interest in real estate passed out of Dougherty or was acquired by Matthews by said consent. Matthews had the power to assign without the written consent of Dougherty. His powers were not enlarged by that consent.

Even a lessee may assign without license, and the assignment will be valid if he was restrained from assigning by covenant only, the lessee only committing breach of covenant; the assignment being void if the condition be that the lease shall cease in case the lessee assign. (Furl. Landl. & Ten. 557; Paul v. Nurse, 8 B. & C. 488; 2 M. & Ry. 525, S. C.)

Again, even if the plaintiff had a right to recover rent from the defendant, this court would not have jurisdiction. (Adams v. Blecker, 33 Mo. 403.)

III. There was no consideration for the promise of defendant to "assure" the rent.

The plaintiff's consent was of no value to the defendant; the plaintiff had no power to prevent Matthews from assigning the lease, nor could he have maintained any action against Matthews had he assigned without such consent. Matthews, while he held the lease, was not liable for rent by privity of contract; he was only liable on account of privity of estate, and, as soon as he assigned over, that privity of estate was destroyed.

If the landlord license one assignment, the condition is gone forever, and the assignee may afterwards assign without

license (Smith's Landl. & Ten. 117, marg.; Furl. Landl. & Ten. 556; Tayl. Landl. and Ten. § 410; Dumpor's case, 4 Co. 119; Brummell v. McPherson, 14 Ves. 173; Doe v. Bliss, 4 Taunt. 736; Am. Lea. Ca. 87; Bleecker v. Smith, 13 Wend. 530; Dakin v. Williams, 17 Wend. 447; Jones v. Jones, 12 Ves. 186; Dickey v. McCulloch, 2 W. & S. 100; 1 V. & B. 191; 2 Dyer, 152; Whitchcock v. Fox, 1 R. Rep. 390; 2 Bulst. 290); because the covenant not to assign without license, in which "assigns" are not mentioned, does not run with the land, for it obviously contemplates that the land shall not pass into the possession of an assignee. (1 Wm. Saund. 288 b.; Bally v. Wells, 3 Wills, 25; Doe v. Peck, 1 B. & Ad. 36; 20 E. C. S. R. 417; Coote's Landl. & Ten. 291; Smith's Landl. & Ten. 119, n.; 1 Smith's Lea. Ca. 5th Am. Ed. 139; Spencer's Case, 5 Coke, 161; Hazlehurst v. Kewick, 6 S. & R. 446; Furl. Landl. & Ten. 570; Tayl. Landl. & Ten. § 413; Phillips v. Hoare, 2. Atk. 219; Wilmot, 344; 10 East. 130.)

The lease from Dougherty to Tudor contained this clause: "That he" (the said lessee) "will not assign this lease, nor underlet the whole or any part of the premises to any person or persons * * * without the consent in writing of the said lessor, his heirs or assigns"; so that the lessee does not covenant that his "assigns" shall not assign without license.

What benefit to Matthews was Dougherty's consent? He had the right to assign without that consent, without incurring any liability. What detriment to Dougherty was brought about by giving the consent? None at all. What is a good and valuable consideration? In the language of the books, "the thing done must have been advantageous to the defendant, or detrimental, or troublesome, or inconvenient to the plaintiff, and must be such an act or service as the law recognizes as good legal consideration for a promise." (Kaye v. Dulton, 7 Manning & Gr. 806; Freeman v. Boynton, 9 Mass. 488; Cabot v. Haskins. 3 Pick. 83; Lawrence v. McCalmont, 2 How. 426.)

To render an agreement to forbear, and the forbearance
34—VOL. XXXV.

of a claim, a sufficient consideration, it is essential that such claim be sustainable at law or in equity, and the consideration will fail if it appear that the demand was utterly without foundation. (Com. Dig., action upon case of assumpsit, F. 8: Jones v. Ashburham, 4 East. 455 : Smith v. Algar, 1 B. & Ad. 604; Lowe v. Wetherby, 4. Dev. & Bat. 209.) The consideration must be of some value. (Smith v. Smith, 3 Leon. 88.)

Where a man is already morally and legally bound to do an act, he cannot maintain an action on the promise of a third person, afterwards made, to pay him for doing it. Such promise is without consideration. (Ford v. Crenshaw, 1 Littell, 68.)

Although a compromise of a doubtful right or liability is a good consideration, a promise made by a party in ignorance of his rights and by surprise, when, in fact, he is not responsible, is not binding. (Logan v. Matthews, 6 Barr, 417.)

Matthews, in ignorance of his rights, supposed that he could not assign the lease without the written consent of Dougherty, and to get that written consent he agreed to assure the payment of the rent. Suppose, instead of assuring the rent, he had given his note for three hundred dollars, can there be any doubt that the note was without consideration. (Cook v. Elliot, 34 Mo. 586.)

*M. L. Gray*, for respondent.

Holmes, Judge, delivered the opinion of the court.

The motion in arrest brings up the question of the sufficiency of the petition. The principal grounds of demurrer were these two : 1. That the petition did not state facts sufficient to constitute a cause of action ; and 2. That the court had no jurisdiction of the subject of the action.

1. The cause of action is founded upon a parol contract to pay the rent reserved in a lease from the plaintiff to Edward A. Tudor, for a term of three years from the first day

Dougherty v. Matthews.

of January, 1859, at a yearly rent, payable monthly on the first day of each month thereafter. It is stated that the lease was in writing and signed by them, and that it was not to be assigned without the consent of the lessor in writing. This averment does not by its terms extend beyond the immediate parties to the lease, and it cannot, by any fair legal intendment, be held to include assignees. The lease is not stated to be under seal, and therefore the case does not come within the doctrine of covenants running with the land or thing demised. (1 Smith's Lea. Ca. 107, 157.) It is then stated that on the 5th day of April, 1860, Tudor, the lessee, assigned the lease to the defendant; that the defendant, desiring to assign the lease to one Greenleaf, requested the consent of plaintiff thereto, and that his consent was given on the express condition that the defendant would assume the prompt payment of the rent reserved; that, in consideration of such consent, the defendant accepted the condition, and on the 26th day of April, 1860, assigned the lease to Greenleaf; and that on the first day of September, 1860, there was six months' rent due, for which he asks judgment. It thus appears on the face of the petition that no part of the rent sued for fell due during the time in which the defendant held the premises as assignee, and that the alleged promise was for the payment of rent which was to fall due during the time of the second assignee, and for which, if the lease were assigned, the defendant would not be liable; and the consideration for this undertaking is merely the consent of the plaintiff to the assignment of the lease. The plaintiff proceeds upon the assumption that the assignee could not himself assign the lease without the consent of the lessor, but it is not made to appear by anything contained in the petition that such consent was at all necessary, nor that the giving of it was any advantage to the defendant or any detriment to the plaintiff. It may be presumed that the parties acted under a mistaken impression concerning it; they may have supposed that the consent was required when in reality it was not. A promise of this nature is without any valua

ble consideration, and merely *nudum pactum*. (Sto. on Contr. § 429; Freeman v. Boynton, 7 Mass. 488; Cabot v. Haskins, 3 Pick. 83; Kaye v. Dutton, 7 Man. & Gr. 806; Cook v. Elliot, 34 Mo. 587.)

2. The question of jurisdiction is determined by the same view of this petition in reference to the subject matter of the action. It is to be presumed that the claim of jurisdiction was based upon the following clause of the second section of the act establishing the Land Court (R. C. 1855, p. 1592): " for enforcing the rights and obligations of lessors and lessees and their respective assignees." In order to bring the case within this clause, it must be made to appear by the petition that the obligation which is the ground of the action arose out of the lease, and that it was assumed by the defendant by virtue of some contract created by the lease or some liability incurred under it, and in his character of assignee of the lease. It cannot be extended to a special contract which is wholly independent of the lease. In any view that can be taken of this petition, it would have amounted to nothing more, even if a sufficient consideration had been stated, than a special undertaking on the part of the defendant to assume the payment of rent which was to become due from another person. As an action for rent merely, as a money demand arising out of such special contract, it is clear that the case did not come within the jurisdiction of the Land Court. (Adams v. Blecker, 33 Mo. 403.) On both these questions the demurrer should have been sustained.

3. On the trial, the plaintiff offered in evidence a lease under seal, and also a written agreement endorsed thereon, to the effect that the plaintiff gave his consent to the assignment of the lease on condition that the defendant would assure the prompt payment of the rent reserved in the lease. This agreement was signed and sealed by both parties. The defendant objected to the admission of it in evidence on the ground of variance. That the agreement read *assure*, and the petition *assume*, was immaterial; it was enough for the plaintiff to state it according to the legal effect; but there

was a fatal variance, and a total want of correspondence, between the allegations and the proofs. If the plaintiff intended to rely on this agreement, he should have founded his cause of action upon the instrument, and stated it in his petition as a contract under seal. He cannot set up one cause of action in his petition, and on the trial prove another and different one. (Robinson v. Rice, 20 Mo. 229 ; Pensoneau v. Pensoneau, 22 Mo. 27.)

As the judgment will be reversed on other grounds, it becomes unnecessary to consider at large that part of the defence which related to the proceedings in the attachment suit. It will be sufficient to observe, that we discover no material error in the ruling of the court below on that subject.

The other judges concurring, the judgment is reversed and the cause remanded.