COLYAR *v.* BANK.

(*Nashville.* January 10, 1900.)

EXECUTION SALE. *Purchaser's title.*

Caveat emptor applies to execution sale, and the purchaser at such sale can take no better title or greater interest than the execution debtor enjoyed. Hence, the purchaser takes nothing, though the execution debtor was clothed with an apparently perfect legal title, if, in fact, he held the property as a mere trustee, and had no beneficial interest therein.

FROM. WILSON.

Appeal in error from Chancery Court of Wilson County. J. S. GRIBBLE, Ch.

HAMILTON PARKS and E. E. BEARD for Colyar.

CHAMPION, HEAD & BROWN and McCLAIN & McKENZIE for Bank.

CALDWELL, J. In March, 1894, Sallie A. Colyar, her husband, A. S. Colyar, Jr., and her trustee, D. J. Barton, conveyed her remainder interest in certain land to J. H. Zarecor for the recited consideration of $4,000 in other land and money. Zarecor's deed was promptly registered,

and soon thereafter an execution, issued on a judgment in favor of the Capital City Bank, and against him, was levied on his interest in the land, which was sold by the Sheriff, and purchased by the Capital City Bank for the amount of its judgment and costs. In due time the Sheriff executed a deed to the Capital City Bank.

Simultaneously with the execution of the deed to Zarecor, there was executed another instrument, not registered, whereby it was agreed and recited that he should take and hold the land as trustee only, for the purpose of sale or mortgage, to raise "from $3,500 to $4,000," to be used by A. C. Brown in putting on foot certain contemplated private corporations, from which Colyar and wife were to receive $6,500 in stock and money as consideration for her land for which Zarecor, in fact, paid nothing.

In July, 1897, Brown notified Zarecor, who had done nothing toward the execution of his trust, that the contemplated corporations had not been and would not be organized, and, for that reason, requested him to reconvey the land to Mrs. Colyar. Zarecor complied with this request by formal deed executed on the 12th of July, 1897.

Soon after the reconveyance to Mrs. Colyar, she, by next friend, filed the bill in this cause against the Capital City Bank to have its deed

from the Sheriff canceled and removed as a cloud on her title.

The Bank, in answer, denied complainant's right to relief, and insisted upon the validity of its title.

Upon the fact recited, the Chancellor and the Court of Chancery Appeals rightly sustained the bill, and granted the full relief sought. The Capital City Bank, as purchasing creditor, can rise no higher than its debtor, Zarecor, who had no beneficial interest in the land, but only the mere naked legal title, which he held for the benefit of others. Zarecor had no real interest or ownership in the land, and the bank acquired nothing by its purchase. It could not sell, buy, and acquire that which he did not have, and had never had. Its purchase was subject to the doctrine of *caveat emptor,* and that, too, notwithstanding the fact that Zarecor had a registered deed. *Leech* v. *Hillsman,* 8 Lea, 747, 749, 751. Affirmed.