BRYANT *v.* BANK.

*(Knoxville.* October 14, 1901.)

1. VENDOR'S LIEN. *Priority of.*

   An assignee of purchase price notes possesses a lien on the land
   for which they were given superior to the attaching creditor
   of the vendee or assignor, where, before levy of the attach-
   ment upon the land, by agreement of the parties to the deed
   and the assignee of the notes, there had been inserted in the
   deed, which originally contained no such stipulation, a clause
   creating a vendor's lien to secure the notes; and it is immate-
   rial whether this clause was inserted as a correction of the
   deed or as a new contract, or whether the deed was registered
   after its insertion. *(Post, pp. 561–567.)*

2. REGISTRATION. *Its effect.*

   Registration laws fix and regulate the rights of creditors of the
   vendor, and of purchasers from him, but have no application
   to creditors of the vendee. The vendor's creditors may defeat
   the vendee's title by attachment of the land before registra-
   tion of the deed, but the vendee's creditors would secure, by
   such attachment, only such interest as the vendee actually
   had in the land at the date of the attachment. *(Post, pp.
   564, 565.)*

   Code construed: § 3752 (S.); § 2890 (M. & V.); § 2075 (T. & S.).

   Cases cited: Leech *v.* Hillsman, 8 Lea, 747; Colyar v. Bank, 103
   Tenn., 723.

3. DEED. *Not vitiated by subsequent interlineations.*

   A deed is not vitiated by the insertion, in good faith and by con-
   sent of parties, of a clause providing for a vendor's lien, made
   after its execution and registration, especially when such
   clause is inserted to cure an omission, made by accident or mis-
   take, from the original instrument. *(Post, pp. 566, 567.)*

4. SAME. *Acknowledgment of, required, when.*
   After change of a registered deed re-acknowledgement is required to authorize its re-registration. (*Post, pp. 567.*)


FROM BRADLEY.


Appeal from Chancery Court of Bradley County. T. M. McCONNELL, Ch.

SMITH & TRAYNOR for Bryant.

JOHN C. RAMSEY for Bank.

BEARD, Ch. On September 23, 1895, T. E. Bryant, who was the owner of a ninety-five acre tract of land, lying in Bradley County, by a deed duly executed, acknowledged, and delivered, conveyed it to one C. L. Carmack, and as a consideration for the same received from the grantee a payment in cash and his four promissory notes, maturing one, two, three, and four years after date. In this deed the wife of T. E. Bryant joined for the purpose of relinquishing all homestead right in the land conveyed.

The present bill is filed by the complainants, who are the owners of these notes by assignment from the payee, T. E. Bryant, against the Bank of Charleston, which, at the time of its filing, was proceeding to the execution of a decree for sale, pronounced

23 P—36

in a cause which it had successfully prosecuted against the vendee, Carmack. The claim of complainants is that these purchase money notes were unpaid; that they were secured by an express lien retained in the face of the deed to Carmack; that the bank decree for sale was rested upon an attachment issuing out of the Chancery Court in a cause instituted against Carmack and levied on this as his property, while it was yet subject to this unsatisfied lien, and the prayer of the bill was that their claim as preferential lien creditors be established by decree.

The defense set up by the bank is that, at the time of the delivery of the deed by the Bryants to Carmack, the vendor failed to make any reservation of a lien to secure the payment of these notes, but that afterwards when Carmack, the vendee, fell into financial trouble, and the bank and other creditors were either pressing him, or threatening to do so, these complainants and Carmack entered into a fraudulent agreement by which there was interpolated a clause reserving this express lien, and that, without other or further acknowledgement upon the part of the grantors, the deed, with this interpolation, was registered. Within a day or two after this was done the bank filed its bill, and suing out a writ of attachment, caused it to be levied on this property as that of their debtor, Carmack.

The facts on the issue thus raised, as found by the Court of Chancery Appeals, are, that it was the

distinct agreement between the vendor, T. E. Bryant, and the vendee, Carmack, at the time of the sale and purchase of this property, that the notes executed as a consideration therefor, and now held by these complainants, should be secured by a lien retained on the face of the deed, and the draughtsman was directed to insert a stipulation to that effect, but failed to do so; that upon the assumption that the deed was drawn as ordered, it was signed, acknowledged, and delivered by the makers to Carmack; that thereafter, upon Carmack becoming involved in business troubles, one of the parties interested in one of the notes was in some way prompted to an investigation, with a view of ascertaining the condition of this deed, when it was discovered in the vendee's hands unrecorded, and lacking this important stipulation; that thereupon the holders of the notes and Carmack, agreeing that it was proper to write into the deed this omitted stipulation, took it to the draughtsman, who, at the suggestion of Carmack and complainants and upon the express authority of the vendor, T. E. Bryant, interlined it therein, and that thus altered without any re-acknowledgment, it was taken to the office of the Register and by him was duly noted for registration; that Court further finds that this alteration was made in good faith by these parties, and with the sole view of making the instrument speak the real contract of the parties thereto.

Under these facts the question is, Have these complainants a lien on the tract of land superior to the lien of the bank acquired under its attachment? There is no doubt if, at the time of the execution of the deed to Carmack, the vendor had inserted a clause reserving to himself a lien to secure the payment of the purchase money notes, that the subsequent attachment of the bank would have been subject to this lien, and this, whether the deed. had or had not been registered. For it is well settled that the registration laws "only fix the rights and give preference to existing or subsequent creditors or *bona fide* purchasers of and from the makers of the deed. They do not profess to, nor do they in fact refer to, or regulate the rights of the creditor" of the grantee in a deed. *Leech* v. *Hillsman*, 8 Lea, 747. It is true, land held by an unregistered deed may be levied upon by execution and attaching creditors of the vendor and vendee respectively. But very different results follow in the two cases. As to the execution and attaching creditors of the maker, a deed is null and void for lack of registration (§ 3752 Shannon's Code), but it is otherwise as to those of the vendee. The rights of these creditors are not fixed by our registry acts, but depend upon rules established outside of and independent of these acts. One of these rules, and the one now pertinent, is that the rights of the creditor can rise no higher than those of his debtor. And this rule is generally true whether the deed be reg-

istered or not. While the creditor may appropriate his "debtor's property to the payment of his debts, except so far as the law, as a matter of public policy, has exempted it from seizure, he has no claim or equity in sound reason or law to subject anything which the creditor did not own." So in a case where one conveyed his land to another by an instrument which upon its face was an absolute deed, but which was intended as a mortgage, and while in this condition it was levied upon and sold as the property of the conveyee, it was held that the execution creditor who purchased at this sale stood in the shoes of the mortgagee, and held it subject to the mortgagor's right to a reconveyance. *Leech* v. *Hillsman, supra.* To like effect is *Colyar* v. *Bank,* 103 Tenn., 723.

There is no question but that upon the discovery of the discrepancy between the deed as drawn and the agreement of the parties, that upon the refusal of Carmack or of the vendor to correct the instrument so that it might conform to this agreement, that the present complainants might have filed their bill in equity, and upon the facts found in this record they would have been entitled to a decree for reformation. This right to reformation, upon the authority of the text of Mr. Jones, in his work on Mortgages, Vol. 1, Sec. 99, might have been asserted, as against any one standing below a *bona fide* purchaser, without notice. According to this author, it might "be reformed as against a junior

mortgagee, whose mortgage was taken without notice of such a mistake as security for an antecedent debt, without the surrender of any old security and without any new consideration moving from him." The mistake might be "corrected, too, against a subsequent judgment creditor, but not against a purchaser of a subsequent judgment, who has invested his money in the purchase of the judgment upon the faith of an apparent lien upon the land. The equity of the mortgagee is regarded as stronger than that of the judgment creditor, who has not probably parted with his money on the faith of the apparent facts."

If a Court of equity could have preserved the rights of these complainants upon a proper bill filed against the vendor and vendee, one or both being recusant, why may they not be made equally secure by voluntary action of all parties in interest? It is difficult to see, and certainly no good reason has been furnished in argument, why this might not be done; that this interlineation, made in good faith, by the consent of the parties interested, so as to make the instrument speak the real contract, does not invalidate it, is well sustained by authority. *Malarin* v. *U. S.*, 1 Wall, 282; *Doe* v. *McArthur*, 2 Hawk (N. C.), 33 (S. C., 11 Am. Dec., 738); *Wooley* v. *Constant*, 4 John., 54 (S. C., 4 Am. Dec., 246); *Bassett* v. *Bassett*, 55 Me., 125; *Prettyman* v. *Goodrich*, 23 Ill., 330; *Stiles* v. *Probst*, 69 Ill., 382. And certainly the Bank of Charleston,

Bryant v. Bank.

a subsequently attaching creditor, was not injured by it, and cannot be heard to complain, whether the alteration took effect by relation from the date of the instrument or from the time it was made. It is true that this alteration of the deed destroyed the efficacy of the former acknowledgment, and that without a new acknowledgment it was not entitled to be noted for registration; but, as before seen, this is immaterial so far as the creditors of the vendee are concerned.

It is unnecessary here to determine the effect of this subsequent change in the frame of the deed so far as the homestead right of the wife is concerned, inasmuch as she was not consulted with regard to nor in any way gave her consent to it.

The decree of the Court of Chancery Appeals is affirmed.