HOOD *v.* HOGUE.

(*Nashville.* December Term, 1914).

1. **VENDOR AND PURCHASER.** Vendor's lien. Priority between lien and judgment.

In this State the vendor's implied lien is a mere capacity in the vendor to acquire a lien by filing a bill to fix and enforce his claim on the land, and, until he does this, any creditor of the grantee may attach or cause execution to be levied on the land and prevail upon the lien thereof over the vendor. (*Post, pp.* 423, 424.)

Cases cited and approved: Robinson v. Owens, 103 Tenn., 91; Sharp v. Fly, 68 Tenn., 4; Gann v. Chester, 13 Tenn., 205; Roberts v. Rose, 21 Tenn., 145; Hulett v. Whipple, 58 Barb. (N. Y.), 224; Spring v. Short, 90 N. Y., 538; Cutler v. Ammon, 65 Iowa, 281.

2. **VENDOR AND PURCHASER.** Vendor's lien. Priority between lien and judgment.

Where a deed retained no lien for the purchase price, the vendor, upon a subsequent reconveyance to him in satisfaction of the unpaid balance of the purchase price, did not stand in the same position as though he had brought a suit for the enforcement of his implied lien, and, until his deed was registered, a creditor, by levying upon the land under an execution on a judgment against the vendee, could acquire rights superior to the vendor. (*Post, pp.* 424-426.)

Case cited and approved: Bryant v. Bank, 107 Tenn., 560.

---

FROM FENTRESS.

---

Appeal from the Circuit Court of Fentress County to the Court of Civil Appeals, and by *certiorari* from

the Court of Civil Appeals to the Supreme Court.—
A. H. Roberts, Chancellor.

Canatser & Case, for Hood.

L. T. Smith, for Hogue.

Mr. Justice Williams delivered the opinion of the
Court.

Hood filed his bill of complaint against Hogue to
enjoin the latter from bringing to sale a tract of land
levied on for the satisfaction of a judgment recovered
before a justice of the peace by Hogue against one
Parks.

Hood in 1908 conveyed a tract of timbered land to
Parks, a stave manufacturer, the recorded deed recit-
ing the consideration to be "one dollar and other
valuable considerations in hand paid." In fact, the
consideration was $2,000, of which the sum of $600
only was paid; the balance being represented by notes.

After removing the timber, Parks, reconveyed the
land to Hood in consideration of the balance of the
purchase money at that date due to Hood. This deed
was executed and acknowledged in March, 1911, but
was not registered until February 17, 1913.

The execution awarded to Hogue under the judg-
ment was levied January 13, 1913.

The question for decision is whether the lien of the
levy has precedence over Hood's claim. Both the
chancellor and the court of civil appeals held that this

lien of defendant Hogue must yield priority to Hood. Writ of *certiorari* for review in this court has been granted.

We are of opinion that the rights of defendant Hogue have been misconceived in the lower courts, and that Hood is not entitled to the relief sought.

Complainant Hood's basic contention is that he had a vendor's implied lien or equity on the land, in Parks' hands, for the payment of the unpaid purchase money; that in satisfaction of this equity he, before levy of the defendant's execution, took from Parks the deed of reconveyance; that, regardless of the fact that this deed was not registered when the execution was levied, the mere taking of this deed placed in him the legal title in satisfaction of his equity as vendor; and that a court of equity will conceive of the situation as being the equivalent of a formal enforcement of the vendor's equity. In other words, that a conventional enforcement will be deemed to have been accomplished by the voluntary act of the parties, and with the same consequences, in the eyes of equity, as if an action for foreclosure had been pitched.

The argument is, in our view, specious, but only that.

At the threshold we are brought to a consideration of this equity, sometimes miscalled the vendor's implied lien. In this State it is not a fixed equity, but a floating one, "not quite a myth, but a mere capacity in the vendor to acquire a lien," which may be done by the vendor's filing a bill to fix and enforce his claim on

the land. *Robinson* v. *Owens,* 103 Tenn., 91, 52 S. W., 870, and cases cited. At any time prior to his thus fixing a lien, any creditor of the grantee may attach or cause execution to be levied on the land and prevail upon the lien thereof over the vendor. *Sharp* v. *Fly,* 9 Baxt (68 Tenn.), 4; *Gann* v. *Chester,* 5 Yerg. (13 Tenn.), 205; *Roberts* v. *Rose,* 2 Humph. (21 Tenn.), 145.

Mr. Pomeroy gives his approval to this doctrine and cites our cases in support of his text:

"Whether the grantor's lien is or is not superior to that of subsequent judgments recovered against the grantee is a question upon which the American decisions are in conflict; nor is it possible by any interpretation to reconcile their opposing views. On principle, however (and especially when considered in connection with the universal system of registry), it seems to me clear that subsequent judgment liens are entitled to precedence." 3 Pom. Eq. Juris. section 1253.

In accord are *Hulett* v. *Whipple,* 58 Barb. (N. Y.), 224; *Spring* v. *Short,* 50 N. Y., 538; *Cutler* v. *Ammon,* 65 Iowa, 281, 21 N. W., 604; and other cases.

The vendor, until he begins suit, is, for all purposes of priority, in like plight with a general unsecured creditor. It therefore seems clear that, when Hood procured a deed of reconveyance from Parks, he did so standing on a plane no higher than such a creditor, and not as one having the *status* of a lienor with a fixed or existent lien. When he received the deed, he was compelled by the registration laws to record

it in order to his protection against creditors of Parks, who was, in that attitude, to be considered as his vendor for all pertinent purposes.

To recognize Hood, in possession of Parks' deed of reconveyance unregistered, as having the attitude of a holder under a lien consummate or foreclosed, would be in direct opposition to the above doctrine and authorities. They are leveled against secret liens; they deem the claimant, as Chief Justice Marshall said, to be "accessory to the fraud committed on the public by an act which exhibits the vendee as the complete owner of an estate on which he claims a secret lien," when the vendee (Parks here) is given by Hood and permitted to register a deed retaining no lien, but, on the contrary, containing a recital that the consideration was paid.

When Hood withheld from record the deed back to him, he but continued the secrecy that misleads. If he held under it for a month with impunity, why could he not so hold for a year? The court of civil appeals considered that Hood's right was perfected by the mere delivery to him of Parks' deed; its holding being that "the reconveyance ripened into a perfect title in Hood." We are of opinion that it required registration of that deed, in addition, to perfect title against and to forestall the gaining of precedence by, a creditor of Parks.

Had Hood proceeded under the rule of our cases to transform his claim in the nature of an equity into a lien by bringing suit to charge and sell the land,

then there would have been a *lis pendens* that would have warned and bound creditors. By the deed unregistered there was no notice given creditors; and there was, for the same reason, no lien fixed or priority gained. The race of diligence was yet on between Hood and Hogue. When the latter's execution was levied about a month before the Parks to Hood deed was registered, the race was won.

There is nothing ruled in the case of *Bryant* v. *Banks,* 107 Tenn. (23 Pick.), 560, 64 S. W., 895, in opposition to what is here held. In that case, in the original deed there was not, owing to mistake, incorporated a clause retaining a lien for the purchase money. The deed as registered showed no express lien. Later the deed was reformed to accord with the real contract, and by interlineation by the parties there was inserted a clause of lien retention. The reformed deed then, of course, evidenced a vendor's express lien, which was good against later levying creditors of the grantee, whether the deed containing it were registered or unregistered. In the pending case, there is no pretense that there was in the real contract any understanding that a lien would be retained. In short, there is no claim that the deed under review by us was either a reformed instrument or one that was reformable under any doctrine of equity.

Reversed and remanded for further and accordant proceedings.