CALVIN GARLAND *et al.*, COMPLAINANT, APPELLANTS, *v.* J. A. HIGGINS *et al.*, DEFENDANT, APPELLEES.*

(*Nashville,* December Term, 1929.)

Opinion filed, March 15, 1930.

382

Divine & Guinn, for complainant, appellants.

Cox & Taylor, Lee F. Miller and Jas. J. McLaughlin, for defendant, appellees.

Mr. Justice Cook, delivered the opinion of the Court.

The bill was filed to impose a trust, in behalf of the Garland heirs, upon the estate that might otherwise pass to the estate of John W. Higgins under the will of John W. Garland, deceased.

When John W. Higgins died his domicile was Yancy County, North Carolina, and the defendant J. A. Higgins was appointed administrator of his estate in North Carolina.

It is stated in the bill that the Holston Corporation and the Erwin Development Company purchased portions of the land that passed under the will of John W. Garland to John W. Higgins, who accepted the estate under an oral agreement that he should hold it as trustee for the heirs at law of the testator, and it is charged that these purchasers are liable to account in this proceeding for any portion of the purchase money paid after the death of John W. Higgins to the administrator in North Carolina. The chancellor dismissed the bill upon the demurrers of J. A. Higgins, Holston Corporation and Erwin Development Company and complainants appealed.

The assignments of error present two propositions: (1) that under the facts shown in the bill John W. Higgins took the estate of John W. Garland under a promise and by express oral agreement with Garland to hold it as trustee for the benefit of the children of his brothers and sisters; and (2) that the voluntary payment of purchase money notes to J. A. Higgins, the North Carolina administrator, did not satisfy the obligation due from the purchasers of the Tennessee land from John W. Higgins.

By will executed January 25, 1886, John W. Garland gave to his housekeeper, Cynthia Ann White, his residence and some surrounding land marked off by metes and bounds, and to Cynthia Ann White and John W. Higgins all his household goods, they to share equally.

By the 4th, 5th and 7th items of the will the residue of the estate was given to John W. Higgins without limitation or condition. Under the will he took the land in fee.

The 4th item, disposing of the land, reads: "I will and bequeath to John W. Higgins of Yancy County, North Carolina, all the residue of my lands in the State of Tennessee and the State of North Carolina, the lands in Tennessee hereby devised to said John W. Higgins includes what is known as, etc.," describing it by reference to each tract.

By the 7th item John W. Higgins was appointed executor. The will was filed with the County Court Clerk of Unicoi County, Tennessee, within a year after the death of the testator and entered on the minutes of the court. It was not then probated. The cause of that omission is not shown in the bill. After that date John W. Higgins exercised ownership over the property referred to in items 4 and 5 of the will. Subsequently the will executed in 1886 and filed with the County Court Clerk of Unicoi County soon after the death of John W. Garland in 1887 was duly probated in the County Court of Unicoi County. This was done July 3, 1912. From time to time after the will was first filed in the County Court Clerk's office John W. Higgins, the devisee under the will, sold and conveyed to purchasers the lands referred to in item 4. Among others he sold to Holston Corporation on July 30, 1907, a tract for $8,000. To Holston Corporation on July 29, 1910, another tract for $10,000. To Erwin Development Company on July 29, 1919, a number of tracts for $120,690.

The bill was filed July 11, 1928. It contains no statement to show or authorize the inference that these defendants who purchased the lands for the consideration and on the dates above mentioned were not purchasers in good faith, without notice of any infirmity in the title, for a valuable consideration, under warranty deeds from John W. Higgins, the devisee of John W. Garland. Ignorant of the claims now presented by the bill, the convey-

ances by the devisee would pass to the purchasers a good title. Counsel for complainants admits as much, but says the bill only seeks to charge these purchasers to the extent that the purchase money was unpaid at the death of John W. Higgins, upon the theory that payment by the purchasers of the notes given for the land purchased in Tennessee to the administrator in North Carolina was not a satisfaction of the debt.

It appears that John W. Higgins died more than three years before the bill was filed, and at that time was a resident of North Carolina, where immediately after his death J. A. Higgins was appointed administrator of the estate. As the domiciliary representative of John W. Higgins, title passed to him and if he had custody of the notes executed by purchasers of the Tennessee land their voluntary payment to J. A. Higgins as administrator would discharge the debt and protect the payors against an action by any representative subsequently appointed in Tennessee.

In *Young* v. *O'Neal*, 3 Sneed, 55, it was held that title to negotiable notes vested in the domiciliary administrator (*Swancy* v. *Scott*, 9 Humph., 333-36), and it was said a voluntary payment of the payor to the administrator in his own jurisdiction would be good. The rule was applied in *St. John* v. *Hodges*, 9 Baxt., 334. See also 24 C. J., 1120 and 11 R. C. L., 434-5.

It is not shown or charged in the bill that any part of the purchase money was owing by the defendants Holston Corporation and Erwin Development Company when the bill was filed. They cannot be held liable for the voluntary payments of notes held by the North Carolina administrator of John W. Higgins, appointed more than three years before the bill was filed, without a showing

that the notes were assets of the estate to be administered here and without showing that they have not been paid. On these grounds the chancellor properly sustained the demurrers of defendants Holston Corporation and Erwin Development Company.

█ The facts shown in the bill and relied on to impose the trust upon the property that passed to John W. Higgins under the Garland will of January, 1886, are:

*(1)* A testamentary paper executed June 7, 1877, as follows:

"Know all men by these presents that I John Wesley Garland of Unicoi County and State of Tennessee being in ill health but of a sound and disposing mind and memory do make and publish this in the presence of these subscribing witnesses, viz., Dr. Banner, Sheriff McInturff, George Linville and L. White, this my last will and testament and as to my worldly estate and to all of my real estate I, J. W. Garland, give, devise and bequeath to my mother's sons and daughters and to their heirs and assigns forever all of my real estate, viz., my lands which I own in Tennessee and in North Carolina and that any transfer of title made by me or any one else shall not weaken or destroy the force of this will. It will be understood and expected that J. W. Higgins of Yancy County and State of North Carolina at my death will take control of my property and shall use and manage same to the best advantage, but in case he, the said J. W. Higgins, at his death leaves no bodily heirs then all of my aforesaid property with the increased valuation thereon shall go back to my kinsmans, as heretofore stated.

"This will is not to be in force and effect until after the death of said J. W. Higgins then it is to be placed on record in the office of the clerk of the Court of Unicoi

County, State of Tennessee, and is to be in full force and effect thereafter, in witness whereof I the said J. W. Garland have to this my will and testament hath subscribed my name and affixed any seal the day and year above mentioned. This 7th day of June, 1877. J. W. Garland (seal) Signed, sealed, published and declared by J. W. Garland as for his will and testament in the presence of us who at his request and in his presence and in the presence of each other have hereunto subscribed our names as witnesses hereto.''

It is charged that John W. Higgins accepted this paper as creating a trust, published the facts to the world that he was trustee of the estate, and in 1880 and other times joined John W. Garland in the execution of conveyances in joint recognition of the trust.

(2) It is charged that the will of 1886 was executed in furtherance of the first testamentary act, accompanied by the additional charge that John W. Higgins induced the testator to execute the will of 1886 by statements that it was necessary to enable him to properly exercise his powers as trustee and execute the trust according to the intention of John W. Garland and that John W. Higgins took over the estate and held it after the death of John W. Garland to be administered in trust for the benefit of the sons and daughters of the mother of John W. Garland under the alleged oral agreement.

It is further charged that upon the death of John W. Garland without children, John W. Higgins took charge of the trust estate, and when John W. Higgins died J. A. Higgins, and those confederating with him to defeat the ends of justice and destroy evidences of the trust, forcibly entered the room where the papers of John W. Higgins were kept and unlawfully abstracted them and destroyed

papers of John W. Higgins which would have reflected and set forth the full facts as to the said trust.

The object of the bill is to establish the trust and the relief asked for is of the same general character. There is no misjoinder of parties and the bill is not bad because multifarious.

The second, third and fourth grounds of the demurrer filed on behalf of J. A. Higgins are not well taken. A trust may be established by parol upon a showing that a devise of land absolutely was accompanied by a secret trust by others than the devisee. *Martin* v. *Lincoln,* 4 Lea, 334; *McClellan* v. *McLean,* 2 Head, 684; *Mee* v. *Mee,* 113 Tenn., 453; *Young* v. *Brown,* 136 Tenn., 184; Prichard on Wills, 410.

Procuring the devise of lands under promises to take as trustee for the benefit of the testator's heirs at law would impose the estate taken with a trust, and constitute the devisee a constructive trustee for the beneficiaries. *Watkins* v. *Watkins,* 160 Tenn., 1, 22 S. W. (2d), 1.

The bill does not attack the validity of the will or deny that it apparently passed to John W. Higgins an absolute estate but it is alleged that John W. Higgins as devisee agreed to take and that he did take the estate as trustee.

The 5th ground of demurrer does not meet the statements of the bill.

The 6th ground of demurrer raises the question as to the power of the court to declare and administer a trust upon the property in custody of the defendant J. A. Higgins, administrator under appointment of the Probate Court of North Carolina.

The courts of this State are without jurisdiction to declare a trust upon personal property in custody of a nonresident administrator or upon lands situated in

another State where the party to be charged as trustee is not within the jurisdiction of the court. *Watkins* v. *Watkins, supra.*

By the 6th ground of demurrer J. A. Higgins challenged the jurisdiction of the court and it was properly sustained by the Chancellor. To the extent that the bill seeks relief against the non-resident administrator and to impose the trust upon the property in his custody beyond the jurisdiction of the court, the demurrer was well taken. A portion of the lands in Unicoi County sought to be charged has not been sold.

As to so much of the estate as lies in Unicoi County, within the jurisdiction of the court, the bill states a *prima-facie* case. The demurrer admits the truth of the facts stated in the bill and for the purpose of this determination they must be accepted as true.

The decree of the Chancellor sustaining the demurrers of defendants Holston Corporation and Erwin Development Company and the 6th ground of demurrer on behalf of J. A. Higgins is affirmed. Other grounds of Higgins' demurrer are not well taken and as to these the decree of the chancellor must be reversed and the cause remanded for further proceedings.