IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 7, 2004 Session

## SYLVESTER YOUNG, v. BANK ONE, N.A.

**Direct Appeal from the Circuit Court for Davidson County**
**No. 02GT10918     Hon. Hamilton V. Gayden, Circuit Judge**

_____

**No. M2003-01359-COA-R3-CV - Filed September 20, 2004**

_____

The Trial Court awarded possession to purchaser of property at foreclosure sale and dismissed possessor's action to rescind foreclosure. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON LEE, J., joined.

Sylvester Young, *pro se.*

William Timothy Hill, Nashville, Tennessee, for Appellee.

**OPINION**

In this action, Bank One, N.A., ("Bank") sought possession of the property after the Bank had foreclosed on the property. Sylvester Young ("Young"), occupant of the property, also filed an action against the Bank. The actions were consolidated and after trial the Trial Court entered Judgment in favor of the Bank against the occupant of the property for possession and dismissed Young's action against the bank. Young has appealed.

The issues on appeal as we perceive are:

1.  Whether the Trial Court erred in entering Judgment for the plaintiff and holding

that the foreclosure sale had been conducted in accordance with the law?
2. Whether the defendant's due process rights were violated because the Trial Court denied him the opportunity to present his defense?

Our standard of review on appeal is *de novo* upon the record, with a presumption of correctness of the Trial Court's findings of fact. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). Questions of law on appeal are not accompanied by a presumption of correctness as to the Trial Court's conclusions of law. *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.*, 58 S.W.3d 706, 710 (Tenn.2001).

The bank was the holder of a deed of trust securing an original loan and promissory note from debtors, Tina McClain, *et vir,* in the sum of $68,250.00. The debtors also acquired a second mortgage from AmSouth in the original principal sum of $36,750.00. The debtors were frequently late in making the mortgage payments and the loan accrued late charges. In April of 2002, the debtors had failed to make timely payments and the Bank declared the loan in default and accelerated the loan pursuant to the loan documents.

Young had been a tenant in the property, paying rent by personal money orders to the owners, which was unknown to the Bank until after the foreclosure. Young had entered a land installment contract to purchase the property and learned that the mortgage with Bank was in default. He then received a quit claim deed from the McClains, which was never recorded. Young paid certain property taxes and at some point sent mortgage payments to the Bank through Western Union. When the bank received payments from Young, the loan was already in default, and Bank One declined to accept the money, returning the same to Young via Western Union. The foreclosure sale was conducted on the 15th day of October, 2002, and the Bank became the purchaser.

Young seeks relief by recision of the foreclosure sale, but the burden imposed upon a party seeking such relief is substantial. Courts do not set aside foreclosures lightly and one must show "some evidence of irregularity, misconduct, fraud or unfairness on the part of the trustee or mortgagee . . . ." *Holt v. Citizens Central Bank,* 688 S.W.2d 414, 416 (Tenn. 1984). The Trial Court's finding in this case was that the foreclosure was executed in full compliance with the statutory requirements, and the evidence does not preponderate against this finding. Tenn. R. App. P. 13(d).

Apparently Young argues that the quit claim deed he received from the McClains should be controlling. The quit claim deed contains three relevant clauses:

> This instrument prepares solely upon the information supplied by the parties and no representation is made by the preparer as to the title to the property.
>
> . . .
>
> This real property is subject to all matters of record affecting the property.

. . .

> Subject property is conveyed subject to such limitations, restrictions, and encumbrances as may affect the premises.

A quit claim deed conveys only so much interest as a grantor has. *Campbell v. Home Ice & Coal Co.,* 150 S.W.2d 427, 428 (Tenn. 1912). It is well settled that the purchase of land with knowledge of a deed of trust thereon, takes subject to that encumbrance. *Rumpf v. Home federal Sav. And Loan Ass'n of Upper East Tennessee*, 667 S.W.2d 479, 480 (Tenn. Ct. App. 1983). In the instant case, the evidence is inconvertible that Young had both actual and constructive notice of the encumbrance on the property and is thereby bound. *See, Henderson v. Lawrence*, 369 S.W.2d 553, 556 (Tenn. 1963); *Adrian v. Brown*, 196 S.W.2d 118, 121 (Tenn. Ct. App. 1946). An unrecorded quit claim deed is void as against the grantor's creditors. *McQuiddy Printing Co. V. Hirsig*, 134 S.W.2d 197, 206 (Tenn. Ct. App. 1939). The deed of trust contained an acceleration clause which is valid and enforceable in this State. *Gunther v. White,* 489 S.W.2d 529 (Tenn. 1973). We affirm the Trial Court's finding that the foreclosure was properly exercised. Young's issue is without merit.

Young also argues that he has been denied due process, and the "right to present every defense available to him". On this record, it cannot be determined what defense Young attempts to raise, or where he was denied such opportunity by the Trial Court. We find this issue to be without merit. *See,* Tenn. R. App. P. 13(d); *Bishop v. Bishop*, 939 S.W.2d 109, 110 (Tenn. Ct. App. 1996).

The Judgment of the Trial Court is affirmed and appellant's Petition to Rehear motion is overruled. The cause is remanded, with the cost of the appeal assessed to Sylvester Young.

_____
HERSCHEL PICKENS FRANKS, P.J.