BAGWELL *v.* McTIGHE.

## (*Jackson.* April 6th, 1887.)

1. SUPREME COURT. *Judicial notice. Statute of another State.*

   The Supreme Court will not take judicial notice of the statute of another State, unless it appear from the record that such statute was read in evidence in the inferior court. The statute need not, however, be copied into the transcript.

   Code cited: § 4554 (M. & V.) ; § 3801 (T. & S.)

   Case cited and disapproved : Sherron *v.* Hall, 4 Lea, 500.

2. SAME. *Presumption as to statute of another State.*

   In the absence of proof of the statute of another State, the Supreme Court, as well as inferior courts, will presume it to be identical with the statute of this State on the same subject.

   Case cited and approved : Lewis *v.* Woodfolk, 2 Bax., 26.

3. STATUTE OF LIMITATIONS. *Cause of action barred in another State.*

   That a cause of action sued on in this State, arose in and between citizens of another State, and was barred by the statute of limitations of such State, during the defendant's residence therein, is a good defense to an action thereon in this State ; and in the absence of proof of the foreign statute of limitation, it will, in such case, be presumed the same as our own.

   Code cited: § 3480 (M. & V.) ; § 2783 (T. & S.)

### FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. J. O. PIERCE, J.

Action on a note executed in, and between citizens of, the State of Missouri. The defense is

that the note was barred by the statute of limitations of the State of Missouri, during defendant's residence in that State. Judgment for defendant. Appeal by plaintiff.

T. B. EDGINGTON for Bagwell.

MORGAN & MCFARLAND for MCTIGHE.

SNODGRASS, J. Bagwell and McTighe both resided in St. Louis, Mo., on the 16th of December, 1874, on which date the latter executed to the former the following note:

"ST. LOUIS, Mo., December 16th, 1874.

"Sixty days after date I promise to pay to the order of Robt. Bagwell fifty dollars ($50), at American Financial Corporation, for value received, with interest from date at the rate of ten per cent. per annum. J. S. MCTIGHE."

This note is sued on in this action, suit having been brought in Shelby County on the 11th February, 1885. The place of payment designated in the note was in St. Louis, Mo.

Plaintiff still resides in that State, but defendant became a resident of. Tennessee in July, 1884.

The defense is the statute of limitations of six years, and this plea was sustained by the Circuit Judge. Plaintiff appealed in error. He insists that the action was not barred in Missouri, where the contract was executed and where defendant resided, with temporary absence or residence in Arkansas; that under the Missouri statute ten years' time is

required to form a bar, and this period had not elapsed from the date of the maturity of the note —February 16th, 1875—to date of commencement of this suit—11th February, 1885.

There was no evidence offered below as to what the Missouri statute was, and the Court must have presumed it to be the same as our own. *Lewis* v. *Woodfolk*, 2 Baxter, 26.

Had such evidence been offered, and the bill of exceptions made to show it, the law need not (unless by direction of the Circuit Judge) have been transcribed into the record, but this Court might take judicial cognizance of it. Code, § 4554.

But it is only when so offered as evidence below that this Court is required to take such notice of the law of another State, and it will never do so for the purpose of putting the inferior court in error. Such action by this Court would practically repeal the statute. The inferior court is required to have evidence of what such law is before it, in order to act upon it, and is not allowed to take judicial notice of foreign law. The parties chose to bring no such evidence. The result is, the court below must decide upon the presumption that the foreign law is the same as our own, and determine the case accordingly. It has done right—done precisely what the law requires; and yet upon an appeal, using the same record, this Court, if it must in all cases take judicial notice of such law, would be required to reverse the case, deciding, in so doing, that the

inferior court had done right in determining the case as it had, and yet that such determination was erroneous. A construction leading to this result, doing such injustice to the inferior court as well as litigants therein, applying one law to facts below and another here, and changing results according to the court in which the litigation ended, is manifestly improper.

In several of our cases the question has been noticed and reserved, and in one (4 Lea, 500) it was intimated that the Court might take judicial notice of the laws of other States in all cases, whether the laws were proven below or not; but this point was not decided in that or any other case, and we have no hesitation in holding the contrary. In the absence of evidence offered below, this Court will presume, as the inferior court must, that the law of another State is the same as that of our own. 2 Baxter, 26.

This does away with the necessity of discussing Section 3458 of the Code, and attempting to harmonize the several cases arising thereunder. Section 3480 provides that "where the statute of limitations of another State or Government has created a bar to an action upon a cause accruing therein whilst the party to be charged was a resident in such State or under such Government, the bar is equally effectual in this State."

As the cause of action in this controversy accrued in Missouri, and as more than six years had elapsed before defendant removed to this State,

before the bringing of this suit, presuming their statute to be the same as our own, the action was there barred, and is here also.

The judgment must be affirmed, with cost.