JULIA ANN JEAN WATKINS AND FRANK EDWIN WATKINS
BY THEIR REGULAR GUARDIAN NELLIE WATKINS *v*. ROY
L. WATKINS.*

(*Knoxville.* September Term, 1929.)

Opinion filed December 9, 1929.

---

*As to jurisdiction in equity over suits affecting real property in another state or country, see annotation in 23 L. R. A. (N. S.), 924; 27 L. R. A. (N. S.), 420; 10 R. C. L., 365; R. C. L. Perm. Supp. p. 2690; On right to follow trust fund into hands of purchaser for value without notice, see 26 R. C. L., 1352; 4 R. C. L. Supp., 1706; 6 R. C. L., 1602.

(1)

FRAZIER & FRAZIER and McKENZIE & McKENZIE, for complainant, appellant.

4

W. T. Murray, W. French Grubb and J. W. Lillard, for defendant, appellee.

Mr. Chief Justice Green delivered the opinion of the Court.

The complainants, minors suing by their mother who is their regular guardian, filed this bill against their uncle, Roy L. Watkins, to charge with a trust in their favor certain land in Alabama, the title to which now stands in the defendant in fee.

A demurrer was interposed by the defendant, which was overruled, and the chancellor in his discretion allowed an appeal.

The complainants set out in their bill that they were the children of Eugene Watkins, deceased; that Eugene Watkins and defendant Roy Watkins were sons of T. J. Watkins, likewise deceased; that the grandfather of the complainants died before their father, leaving surviving him his wife, their grandmother, Mrs. Jane A. Watkins, and the two sons aforesaid; that by will their grandfather left his real estate to his widow for life with remainder to his sons.

The bill further alleged that the grandfather owned a farm in Meigs County at the time of his death and some years prior to his death purchased a farm of about equal value in Alabama; that his desire and purpose was to give each of his sons a farm. It was charged that, although the grandfather paid for the Alabama farm with his own money, he took title in his wife's name, for reasons set out in detail, with the express understanding that at her death the Alabama farm was to become the property of the two sons aforesaid and that "she agreed and assented to this arrangement." It

was averred, however, that notwithstanding the trust so impressed, the grandmother by will undertook to give the Alabama farm to defendant Roy Watkins. It was charged that the defendant procured the making of this will by fraud and undue influence. It was sought by the bill to have a trust in favor of the complainants declared in the Alabama land and to have the defendant compelled to execute proper deeds to the complainants to vest them with one-half interest in the Alabama land, as the heirs of their father, or to have compensation decreed to the complainants out of defendant's estate for the value of a half interest in the Alabama land.

The demurrer contains three general propositions:

(1) That because the land upon which the trust sought to be impressed is in Alabama, the court is without jurisdiction.

(2) That because it is said the bill discloses no fiduciary relation on the part of defendant to complainants, the court cannot render a personal decree against defendant by way of enforcing the alleged trust.

(3) That in so far as the bill seeks to set aside the will of the Alabama lands for fraud and undue influence, such a matter is only cognizable on an issue of *devisavit vel non*, in the proper courts of that State.

Counsel have also discussed at length the applicability of the laws of Alabama to this controversy and this question will also be considered.

Even an express trust declared in parol is good in Tennessee since the seventh section of the Statute of Frauds has not been re-enacted in this State. *Woodfin* v. *Marks*, 104 Tenn., 512; *Thompson* v. *Thompson*, 48 S. W., 145 (Ch. App.) where all our earlier cases are reviewed by Judge NEIL.

Noticing first the third proposition embodied in the demurrer, we do not construe the bill herein as one to set aside the will of Mrs. Jane A. Watkins. No such relief is prayed. The effort is merely to charge the Alabama land with a trust or lien superior to any claim thereto by anyone taking under said will.

We think that jurisdiction to award the relief sought herein is not lacking because the land is located in Alabama. The necessary parties all reside within the jurisdiction of the court and are before the court. The subject-matter of the litigation is a trust, a subject-matter peculiarly of equitable cognizance. The principle is stated thus by Judge McKINNEY in *Johnson* v. *Kimbro,* 40 Tenn. (3 Head), 557:

"It is certainly true, that a Court of Equity may entertain a bill for the specific performance of a contract respecting land situate in a foreign country, if the parties are resident within the territorial jurisdiction of the court. In such case, although the court cannot bind the land itself by the decree, it can bind the conscience of the party in regard to the land, and enforce him, by process against his person, to perform his agreement. But the decree is merely *in personam,* and not *in rem.* Still, the want of power to act upon the land, or to enforce the decree *in rem,* is no objection to the jurisdiction to act upon the person, and in that mode compel an execution of the contract according to equity and good conscience. 2 Story's Eq. Jur., secs. 743, 744."

This principle was applied in *Miller* v. *Birdsong,* 66 Tenn. (7 Baxt.), 531, and a resulting trust declared in lands located in Mississippi. Such procedure has been approved in other decisions of this court and recently in *Cory* v. *Olmstead,* 154 Tenn., 513.

It is settled by the great weight of authority that a court of equity of one state or country, having personal jurisdiction of the necessary parties, and therefore the power to compel a conveyance, may declare and enforce a trust relating to real property in another state or country.

■ It is not material whether the trust involved be an express trust, a resulting trust or a constructive trust. *Moore* v. *Jeager*, 2 McGarth, 465; *Butterfield* v. *Nogales Copper Co.* (Ariz.), 80 Pac., 345; *MacGregor* v. *Mac-Gregor*, 9 Ia., 65; *McQuerry* v. *Gilliland*, 89 Ky., 435, 7 L. R. A., 454; *Hawley* v. *James*, 7 Paige, 213, 32 Am. Dec., 623.

Such is the holding of the Supreme Court of the United States announced in *Massie* v. *Watts*, 6 Cranch, 148, and other cases including *Fall* v. *Eastin*, 215 U. S., 1, where previous decisions of that court are reviewed.

See, also, cases collected in Notes, 69 L. R. A., 673, 678, and 23 L. R. A. (N. S.), 924.

Upon petition to rehear in *Pickett* v. *Ferguson*, 86 Tenn., 642, this court receded from an earlier expression in that case to the effect that the jurisdiction of equity over a trust in a foreign state related only to express trusts and the earlier expression was specially disclaimed as a precedent.

■ As to defendant's second proposition, it seems immaterial to us whether the defendant be regarded as occupying a fiduciary relation toward the complainants or not. In this connection, however, it may be observed that defendant is charged with actual fraud in procuring his mother to make a will of the entire estate in the Alabama land in his favor, with knowledge of the fact that the land was impressed with a trust, to the extent of

a half interest, in favor of his brother, the father of these minors. Under such circumstances the defendant would be regarded as a constructive trustee or trustee *ex maleficio* for his brother's children. *Miller* v. *Birdsong, supra; Treadwell* v. *McKeon,* 63 Tenn. (7 Baxt.), 201.

But regardless of whether defendant may be called a trustee, he did not acquire the Alabama land for a valuable consideration. He took title under his mother's will and may be described as a volunteer. The effort of complainants is to follow trust property clearly identified and the rule upon this subject has been well stated as follows:

"It is a well-settled rule that since a trustee cannot acquire an adverse right to the trust property for his own benefit, a third person who acquires the trust property in violation of the trust, either as a purchaser or otherwise, without giving a valuable consideration therefor, or although he gives a valuable consideration, does so with actual or constructive notice of the trust, stands in the same position as the trustee, and the trust property, if it can be sufficiently identified, may be followed and impressed with the trust in his hands and he takes the property subject to the rights not only of the *cestui que trust* but also of the trustee to reclaim possession." 39 Cyc., 548.

It was expressly held in *Bible* v. *Marshall,* 103 Tenn., 324, that a trust might be enforced in land against the heirs and devisees of a trustee the same as it might be enforced against him. See, also, *Matthews* v. *Crowder,* (Tenn.), 69 S. W., 779, 780.

For the reasons stated, we conclude that the chancellor was right in overruling the demurrer.

 Inasmuch as the case must go back for answer and further proceedings, it seems proper for us to express our opinion that the validity, of the trust sought to be imposed on this Alabama land must be determined by the laws of that State. This is an effort to establish an interest in land situated in another jurisdiction, a question in regard to the title of that land and the methods in which a charge may be fixed upon the land is raised and such a question must be determined in conformity to the *lex situs*. *Kirkland* v. *Calhoun*, 147 Tenn., 388; *Topp* v. *White*, 59 Tenn. (12 Heisk.), 165.

In *Topp* v. *White*, the bill was brought to obtain a rescission of an executory contract to convey land in Mississippi. This court held that the Mississippi decisions were not controlling as to the complainant's right to relief and the form of his relief but the court expressly conceded that, as the land lay in Mississippi "questions in regard to the title and modes of conveyance, and all similar questions, are controlled by the laws of that State."

In *Acker* v. *Priest*, 92 Ia., 610, the suit was brought to establish a trust upon land in Kansas and the court held that the laws of Kansas must be applied. In *Pensenneau* v. *Pensenneau*, 22 Mo., 27, the purpose of the suit was to fix a trust upon land in Illinois and the court held that the laws of Illinois were controlling. In *Fisk's Appeal*, 81 Conn., 433, the court indicated a like opinion as to the applicability of Illinois laws respecting a trust sought to be set up in lands in that State.

The Iowa court expressed themselves as follows:

"A title or right in or to real estate can be acquired, enforced or lost only according to the law of the place where such property is situated. *Bentley* v. *Whittemore,*

18 N. J. Eq., 373; *Hosford* v. *Nichols,* 1 Paige, 220; *Williams* v. *Maus,* 6 Watts, 278; *Wills* v. *Cowper,* 2 Ohio, 124.'' *Acker* v. *Priest, supra.*

The cases cited by the Iowa court fully sustain its conclusion quoted.

The complainants' whole case seems to depend upon the validity and enforcibility of the parol agreement between their grandfather and their grandmother whereby the latter was to take the Alabama land in trust for the two sons. If that trust was good, the relief sought seems to follow easily. Whether or not the trust was good must be decided under the law of Alabama.

As heretofore stated, counsel have discussed the Alabama laws in brief and argument and counsel differ as to the construction of such laws. This question is not now before us and cannot be determined on this hearing.

While section 5586 of Thompson's-Shannon's Code, authorizes this court to take judicial notice of the laws and statutes of another State and decide upon them accordingly, this can only be done when such laws are read in evidence in the lower court—pleaded, or at least proven, below. *Bagwell* v. *McTighe,* 85 Tenn., 616; *Templeton* v. *Brown,* 86 Tenn., 50.

This case is up on demurrer. The bill did not refer to the laws of Alabama and the defendant was precluded from relying upon such laws in the State of the pleadings. These laws may be pleaded and proven upon another hearing.

Affirm and remand. The costs of appeal will be paid by the defendant. The costs below will be taxed by the chancellor.