DeSoto Hardwood Flooring Company, Complainant, Appellee, *v.* Old Dominion Table and Cabinet Works, Defendant, Appellant.

(*Nashville*, December Term, 1931.)

Opinion filed December 19, 1931.

SIVLEY, EVANS & McCADDEN, for complainant, appellee.

W. B. ROSENFIELD and M. J. BOROD, for defendant, appellant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

On February 21, 1930, the King-Haase Furniture Company, of Memphis, became indebted to the Old Dominion Table and Cabinet Works, a corporation engaged in business in Portsmouth, Virginia, in the sum of $1837 for merchandise. On February 24, 1930, for a valuable consideration, the Old Dominion Table and Cabinet Works assigned this claim to the Manufacturers' Finance Company of Baltimore, Maryland. Notice of this assignment was not given to the King-Haase Furniture Company until July 11, 1930, which was eleven days after the DeSoto Hardwood Flooring Company, a creditor of the Old Dominion Table and Cabinet Works, had attached the

534

fund by garnishment. The contest over this fund is between the Manufacturers' Finance Company and the De-Soto Hardwood Flooring Company. The chancellor decreed in favor of the latter, and the former has appealed and insists that it is entitled to the fund.

 The chancellor was correct. It has long been the law of this State that the assignment of a chose in action is not complete, so as to vest absolute title in the assignee, either as against the debtor or third persons acquiring rights, until notice of the assignment has been given to the debtor; and that an attaching creditor has priority over an assignee where notice was not given before the fund was attached. *Willis* v. *Mann Const. Co.*, 145 Tenn., 337; *Peters et al.* v. *Coetz*, 136 Tenn., 260; *Dillingham* v. *Insurance Co.*, 120 Tenn., 308-309; *Clodfelter* v. *Cox*, 33 Tenn., 330.

 Counsel for the Finance Company insist that since the assignment was made in Baltimore the laws of Maryland, which dispense with the necessity of notice, should govern.

In *Watkins* v. *Watkins*, 160 Tenn., 1, 10, it was said:

"As heretofore stated, counsel have discussed the Alabama laws in brief and argument and counsel differ as to the construction of such laws. This question is not now before us and cannot be determined on this hearing.

"While section 5586 of Thompson's-Shannon's Code, authorizes this court to take judicial notice of the laws and statutes of another State and decide upon them accordingly, this can only be done when such laws are read in evidence in the lower court—pleaded, or at least proven, below. *Bagwell* v. *McTighe*, 85 Tenn., 616; *Templeton* v. *Brown*, 86 Tenn., 50.

"This case is up on demurrer. The bill did not refer to the laws of Alabama and the defendant was precluded from relying upon such laws in the state of the pleadings. These laws may be pleaded and proven upon another hearing."

In the cause under consideration the laws of Maryland were not introduced in evidence, pleaded or proven. Counsel have cited us to a decision by the Maryland court which they insist support their contention. But that does not meet the requirements of our cases referred to above. There may be conflicting decisions or later decisions overruling the former, or the rule announced by the court may have been subsequently changed by statute. To illustrate: In the December, 1931, issue of the United States Law Review, 645, attention is called to the fact that a Virginia case, cited in an article on "The Family Automobile," has been overruled by two subsequent decisions. It is sometimes difficult when the court has all of the reported cases in a particular jurisdiction before it to determine what the law on the matter under investigation is. The law is constantly changing, and what may be held to be the law today may be overruled tomorrow. Hence, the necessity of proving what the law is in a foreign jurisdiction. Neither is there any basis for applying the rule to statute laws and not to laws made by the decisions of the courts. The question in either case is as to the law of the State where the transaction was had.

In the case of *North Memphis Sav. Bank* v. *Union Bridge & Const. Co.,* 138 Tenn., 161, 193-194, cited by counsel for the Finance Company, the court said:

"Since the accident occurred on the Arkansas side of the river, it is insisted that the laws of Arkansas should

control. No such laws were proven formally in the trial court, and so we must presume that the Arkansas laws are the same as our own, so far as they bear on the subject. Moreover, the conclusion is fully borne out by the decisions of the supreme court of Arkansas, so far as called to our attention by the respective parties.''

This case is a direct authority for the proposition that where the laws of another State are relied upon as a predicate for a recovery they must be proved.

While the members of this Court in their opinions frequently refer to the reported cases in other jurisdictions as authority, such a reference is not intended as a decision as to the present law in those States.

For the reasons stated, the decree of the chancellor will be affirmed.