KASET et al. v. FREEDMAN et al.—120 S. W. (2d) 977.

Eastern Section at Knoxville.   May 7, 1938.

Petition for Certiorari denied by Supreme Court, Oct. 12, 1938.

214

Strang, Fletcher & Carriger and B. Z. Tabb, all of Chattanooga, for plaintiffs in error.

C. A. Noone, of Chattanooga, for defendants in error.

LLOYD S. ADAMS, S. J. These two suits were brought in the Circuit Court of Hamilton County, and by agreement were consolidated for trial. Plaintiff in error Annie Kaset sued the defendants in error Solomon Freedman and Mrs. Solomon Freedman to recover damages for personal injuries in the amount of $20,000. Plaintiff in error Jacob Kaset, husband of Annie Kaset, sued the same defendants in error for loss of services of his wife and medical expenses in the amount of $5,000. At the conclusion of plaintiff's proof upon motion of defendants below a directed verdict was sustained in each case and verdicts returned by the jury, as directed by the court, in favor of defendants in error and against plaintiffs in error. Motions for new trials were duly made, and overruled, and appeals have been prayed, granted, and perfected, and errors assigned. The parties will be hereinafter referred to as they stood in the court below.

The declarations alleged substantially the same facts, and are in two counts. We will consider the declaration of Mrs. Kaset, as the husband cannot successfully prosecute his suit if the wife fails. The specific acts of negligence averred in the first count of the declaration are as follows:

"All of plaintiff's said injuries were caused by the grossly negligent and careless acts of the defendants, as follows:

"1. The defendant, Solomon Freedman was grossly negligent in that he permitted his said wife to drive on a wet pavement in a negligent manner, at a high and dangerous rate of speed over the protest of occupants of the car, when he knew the condition of his car and tires, and when he knew, or should have known that his said wife was inexperienced in the handling of an automobile on a wet pavement in the country.

"2. Defendant, Solomon Freedman, was further grossly negligent in taking hold, grabbing, or seizing the steering wheel at such a time and in such a manner as to cause the car to become wholly out of control and to turn over on the highway.

"3. And defendant Solomon Freedman was grossly negligent in forcibly interfering with the driving and operation of the car.

"4. And defendant Solomon Freedman was grossly negligent in failing to caution his wife, an inexperienced driver and in failing to warn her of the danger of driving in the manner in which she was proceeding.

"Defendant Solomon Freedman is also chargeable with the gross negligence of his said wife, who was his agent and acting for him.

"The defendant, Mrs. Solomon Freedman was grossly negligent:

"1. In undertaking to drive an automobile on the open highway on a wet pavement at a high and dangerous rate of speed when she knew that she was inexperienced and not accustomed to driving under conditions such as existed at the time of the accident.

"2. She was further grossly negligent in disregarding the protests of her guests as to her manner of driving and rate of speed.

"3. Mrs. Freedman was further grossly negligent in driving at a high, reckless and grossly negligent rate of speed on a wet pavement after having been warned of the condition of the tire or tires by a blow out and previous skidding of the car."

The second count adopts the allegations of fact contained in the first count and further avers in substance that at the time and place of the accident defendant's automobile was being operated on a public highway in the state of Georgia at a faster speed than was reasonably safe and in excess of forty miles per hour in violation of the statutes of the state of Georgia prohibiting a speed in excess of forty miles per hour for automobiles of this weight and type, and quoting the statute, and that this constituted gross negligence upon the part of defendant.

The general issue was pleaded by defendant, and also eleven special pleas were filed. The statute of the state of Georgia defining degrees of negligence as carried into Park's Annotated Code of Georgia, Sections 3471-3473, inclusive, was expressly pleaded and quoted, and also pleaded the law in the State of Georgia to be that the owner or operator of a motor vehicle is not liable to a guest for injuries except where the vehicle is being operated in a grossly negligent manner. It was further pleaded that defendants owed plaintiffs only the duty of slight care; also that plaintiff was guilty of proximate contributory negligence in that she did not warn the defendant of the dangers alleged, nor object to the manner in which the automobile was being operated; nor did she make any request to be permitted to leave the automobile as she was obligated to do under the laws of the State of Georgia.

Replication was filed to the special pleas in which it is denied that gross negligence upon the part of defendant must be proved by plaintiff, and denying that Sections 3471-3473 of Park's Annotated Code of Georgia apply to, affect, or control the issues before the court; and denying that the law of the State of Georgia as regards degrees of negligence is controlling in the courts of

Tennessee. It is further pleaded by replication that the Georgia gross negligence rule is not based upon any statute but arises wholly out of the interpretations of the common law by the courts of Georgia, and the common law negligence as interpreted by the court of Tennessee would control in the instant case.

Demurrers were filed to the replication which were overruled, and rejoinder was then filed to the replication.

·Prior to the introduction of proof, in a colloquy between counsel for the respective parties and the court, the court stated: "When you plead the laws of another jurisdiction this court does not know what they are, and it is a question of fact as to what the laws of another state are." The following stipulation was filed and appears as a part of the transcript, and is signed by counsel for the respective parties:

"That the sections of the Georgia Code set out in the pleadings were in full force and effect at the time and place involved that the same may be treated as in evidence on the trial of these causes; and that the parties at the trial and on any appeal therefrom, may refer to and use the published opinions of the Court of Georgia as interpretations and expressions of the common law of Georgia applicable to the issue of gross negligence in these cases."

Although this stipulation is not contained in the bill of exceptions and is not preserved by minute entry, it becomes immaterial as to whether it can be considered by this Court or not.

The above statement by the court and the stipulation of the parties indicate that the court considered that the laws of the state of Georgia had been properly pleaded and proved, and the case proceeded upon this theory. The statutes set out in the pleadings are not statutes requiring a guest in an automobile to prove gross negligence, such as are in force in some states and commonly referred to as "guest statutes," and if such is the law of the state of Georgia it is by judicial interpretations of the common law by the courts of Georgia. Although the stipulation provides that the published opinions of the Court of Georgia might be referred to and used as interpretations and expressions of the common law of Georgia applicable to the issue of gross negligence in these cases, this is not proof of the law in the state of Georgia upon this subject, and we do not find any evidence in the record as to what the law of the state of Georgia is in this regard. It is settled beyond further controversy in this state that where the laws of another state are relied upon as a predicate for a recovery they must be both pleaded and proved. In the case of De Soto Hardwood Flooring Co. v. Table & Cabinet Works, 163 Tenn. 532, 43 S. W. (2d) 1069, in an opinion by Mr. Justice McKinney, the Court said [page 1070]:

"In the cause under consideration, the laws of Maryland were

not introduced in evidence, pleaded, or proven. Counsel have cited us to a decision by the Maryland court which they insist support their contention. But that does not meet the requirements of our cases referred to above. There may be conflicting decisions or later decisions overruling the former, or the rule announced by the court may have been subsequently changed by statute. To illustrate: In the December, 1931, issue of the United States Law Review, 645, attention is called to the fact that a Virginia case, cited in an article on 'The Family Automobile,' has been overruled by two subsequent decisions. It is sometimes difficult when the court has all of the reported cases in a particular jurisdiction before it to determine what the law on the matter under investigation is. The law is constantly changing, and what may be held to be the law to-day may be overruled to-morrow. Hence the necessity of proving what the law is in a foreign jurisdiction. Neither is there any basis for applying the rule to statute laws and not to laws made by the decisions of the courts. The question in either case is as to the law of the state where the transaction was had.

"In the case of North Memphis Sav. Bank v. Union Bridge & Const. Co., 138 Tenn. 161, 193, 194, 196 S. W. 492, 500, cited by counsel for the finance company, the court said:

" 'Since the accident occurred on the Arkansas side of the river, it is insisted that the laws of Arkansas should control. No such laws were proven formally in the trial court, and so we must presume that the Arkansas laws are the same as our own, so far as they bear on the subject. . . .' " Pages 535, 536, 43 S. W. (2d) 1070.

In the case of Watkins v. Watkins, 160 Tenn. 1, 22 S. W. (2d) 1, speaking through Mr. Chief Justice Green, the Court said:

"As heretofore stated, counsel have discussed the Alabama laws in brief and argument, and counsel differ as to the construction of such laws. This question is not now before us, and cannot be determined on this hearing.

"While section 5586 of Thompson's Shannon's Code, authorizes this court to take judicial notice of the laws and statutes of another state and decide upon them accordingly, this can only be done when such laws are read in evidence in the lower court—pleaded, or at least proven, below. Bagwell v. McTighee, 85 Tenn. 616, 4 S. W. 46; Templeton v. Brown, 86 Tenn. 50, 5 S. W. 441; Page 10, 22 S. W. (2d) page 3.

Also in the case of Kustoff v. Stuyvesant Ins. Co., 160 Tenn. 208, 22 S. W. (2d) 356, it is said:

"While, as above stated, we have examined the case of Queen of Arkansas Ins. Co. v. Forlines, supra [94 Ark. 227, 126 S. W. 719], we cannot judicially notice that decision and apply it, since it was not proven in the lower court. Section 5586, Thompson's-

Shannon's Code; Bagwell v. McTighe, 85 Tenn. 616, 4 S. W. 46; Templeton v. Brown, 86 Tenn. 50, 5 S. W. 441; Watkins v. Watkins, [160 Tenn. 1], 22 S. W. (2d) 1, decided December 9, 1929." Page 215, 22 S. W. (2d) 358.

We must therefore presume that the laws of the state of Georgia are the same as the laws of the state of Tennessee upon this subject.

The assignment of errors presents the sole question as to whether or not the trial Judge was in error in directing a verdict in favor of defendants. In considering this question the plaintiffs are entitled to have the evidence considered for them in its most favorable aspect, taking into account every favorable inference that might legitimately be drawn from it, and if there is any legal doubt as to the conclusion to be drawn from the whole evidence, then it was the duty of the trial court to deny the motion and submit the case to the jury. The same duty devolves upon this court. Fly v. Swink, 17 Tenn. App. 627, 69 S. W. (2d) 902. So considered the material evidence tended to show the following facts:

The accident occurred in the state of Georgia on January 20, 1935, while the plaintiff Mrs. Annie Kaset and others as invited guests were travelling in an automobile belonging to defendant Solomon Freedman and being driven at the time of the accident by the defendant Mrs. Solomon Freedman. The party left Chattanooga on that morning for a trip to Florida, with Mr. and Mrs. Freedman on the front seat with a small child, and the other guests occupying the rear seat of the automobile. Mr. Freedman drove until after they had left Atlanta, Georgia, when one of the tires blew out while the automobile was travelling at a speed of approximately sixty miles per hour, and the car was almost wrecked. Prior to this occurrence Mrs. Kaset requested Mr. Freedman not to drive so fast. Shortly after this accident Mr. Freedman became sick and requested Mrs. Freedman to drive. It had been drizzling rain and the road was wet and Mrs. Freedman proceeded to drive at a rapid rate of speed. Mrs. Kaset repeatedly requested Mrs. Freedman not to drive so fast. Mrs. Kaset testified in substance that as they approached the place and immediately prior to the accident Mrs. Freedman was driving real fast and Mrs. Kaset said, "Please don't drive so fast because the tires are not good." She explained that they had had a blow-out and she was afraid that if another one blew out they might all get killed. She further testified that Mrs. Freedman did not pay any attention, then she slowed up a little to a speed of about forty-five miles per hour, and then the car began to jump from one side to the other on the highway, and Mr. Freedman then grabbed the wheel and said, "I told you you cannot drive on the highway," and the car turned from

one side of the road to the other and finally turned over, with the engine heading back toward Chattanooga.

Mrs. Kaset further testified that she did not know anything about the mechanical condition of the car, and did not know whether Mrs. Freedman was an experienced driver on the highway; she had never been on the highway with her before. Mrs. Kaset further testified that she begged Mrs. Freedman a half dozen times to drive at a slower speed and in one place asked if they could continue the journey on the train or bus and not go in the car, and let Mr. Freedman continue by himself.

After the accident the car was not greatly damaged, and with the assistance of some passers-by the car was turned back over and they proceeded on their journey. Early the next morning another tire blew out. This evidence would indicate that the tires on this automobile were not good and that the car skidded and turned over on the wet pavement while travelling at a rate of speed that appeared to be excessive to Mrs. Kaset.

Mrs. Kaset's testimony is corroborated by the evidence of two other witnesses, Mrs. O. Frumin and Mrs. Rose Shankman, who were also riding in the automobile as the guests of the Freedmans.

Under the undisputed evidence, assuming it to be true and viewing it in the light most favorable to plaintiff, we think reasonable minds might differ as to the question of negligence, and hence it should be determined by the jury and not by the court. We think the court was in error in determining as a matter of law that the defendants were not guilty of negligence proximately contributing to the accident, and that the issues of negligence and the credibility of witnesses should be submitted to the jury.

As to the question of contributory negligence or assumed risks upon the part of plaintiff, we think it was for the jury to have determined whether plaintiff was in the exercise of ordinary care and prudence under the circumstances and conditions. In the very recent case of Miss Johnnie Hale v. Robert Bennett,[1] decided by the Western Division of this Court at the January Term, 1937, and certiorari denied by the Supreme Court, in an elaborate opinion by Judge Hu C. Anderson dealing with this question, the Court said:

"In this state the standard of care required of a guest is that he must remonstrate or warn the driver against negligent driving whenever he sees or ought by due diligence to see that the driver is not taking proper precautions. The failure to conform to this standard is negligence and precludes a recovery. Renfro v. Keen, 19 Tenn. App. 345, 348, 89 S. W. (2d) 170. . . .

"We do not understand that there is any particular formula which must be followed by a guest in order to conform to the

---

[1]Not designated for publication.

standard requiring that he protest against negligent conduct of his host that is, or should be, obvious to him. If reasonable minds could conclude that the language used conveyed to the wrongdoer with reasonable certainty a warning of the danger involved and the honestly entertained disapproval of the guest of such conduct; that it was used timely and in good faith for that purpose, then it is a question for a jury as to whether the warning or protest was adequate, and whether under the particular circumstances a reasonably prudent person would have ordinarily taken other or further precautions for his own safety.''

Plaintiffs' *first* and *third* assignments of error are as follows:

I.   The Trial Judge erred in holding that there was no question to be submitted to the jury, and in directing a verdict of the defend-·ants. This was error because:

(1)   The conduct of defendants was shown to have been such as would cause the minds of reasonable men to differ as to whether defendants were guilty of negligence proximately causing the accident.

\*   \*   \*   \*   \*

III.   The trial court erred in directing verdicts for the defendants when plaintiffs had presented proof that defendants were guilty of negligence proximately causing plaintiffs' injuries and losses. Proof of ordinary negligence as a proximate cause made out a case to be submitted to the jury because proof of gross negligence was not necessary where defendants failed to introduce in evidence any decision showing that the Georgia law required plaintiffs to prove gross negligence.

These assignments of error are sustained, the judgment of the trial court reversed, and the cause will be remanded to the Circuit Court of Hamilton County for a new trial, where the laws of the State of Georgia may be properly proved. The costs of this appeal will be paid by the defendants in error.

Senter and Ketchum, JJ., concur.

On Petition for Rehearing.

ADAMS, S. J.   These consolidated·cases are before this Court for further consideration on petition for rehearing filed by defendants in error.

The automobile accident in question occurred in the State of Georgia and it was observed in the former opinion of this Court that the record indicated that the trial·court and the respective parties considered that the laws of the State of Georgia had been properly pleaded and proved and that the case proceeded upon this theory. However, the case was reversed because the record contained no evidence of the law of the State of Georgia requiring a guest in an automobile accident to prove gross negligence upon

the part of the operator before a recovery could be had, and that therefore the presumption obtained that the laws of the State of Georgia are the same as the laws of the State of Tennessee upon this subject, and that a recovery could be based upon ordinary negligence proximately contributing to the accident.

Counsel is mistaken in the statement that the court raised this question of its own motion and without it being respondent to an assignment of error. We call attention to the third assignment of error, which was sustained by this Court, and which is as follows:

"The trial court erred in directing verdicts for the defendants when plaintiffs had presented proof that defendants were guilty of negligence proximately causing plaintiffs' injuries and losses. Proof of ordinary negligence as a proximate cause made out a case to be submitted to the jury because proof of gross negligence was not necessary where defendants failed to introduce in evidence any decision showing that the Georgia Law required plaintiffs to prove gross negligence."

■ In the former opinion of this Court the reported cases of the Supreme Court of this state upon this subject were discussed. The laws of a sister state or foreign jurisdiction must be pleaded and proved. The record does not disclose any competent proof of the laws of the State of Georgia upon this subject.

Since the former opinion was filed a suggestion for diminution of the record has been filed stating upon oath of attorney for petitioner that upon the trial of this cause counsel for the respective parties relied upon and read to the court the published opinions of the courts of the State of Georgia; that in the preparation of the transcript there was not included any reference to the Georgia cases relied upon and considered by the trial court and all concerned as evidence, and that their exclusion was not called to the attention of the court until the decision of this case on March 22, 1938. Since the above mentioned writing was filed a stipulation signed by attorneys for the respective parties has been filed stipulating that evidence of the following Georgia cases was erroneously omitted by the Clerk in the preparation of the transcript.

"The plaintiffs below (plaintiffs in error here) offered and read in evidence:

"a.   McCord v. Benford, 48 Ga. App. 738, 173 S. E. 208;

"b.   Petway v. McLeod, 47 Ga. App. 647, 171 S. E. 225;

"c.   The unreported case of Diamond v. Shepard,[1] decided by Judge Portrum, of this Court, construing some of the laws of Georgia.

---

[1]Not designated for publication.

"The defendants below (defendants in error here) offered and read in evidence:

"a.   Epps v. Parrish, 26 Ga. App. 399, 106 S. E. 297;

"b.   Harris v. Reid, 30 Ga. App. 187, 117 S. E. 256;

"c.   Peavy v. Peavy, 36 Ga. App. 202, 136 S. E. 96;

"d.   Wachtel v. Bloch, 43 Ga. App. 756, 160 S. E. 97;

"e.   Yearwood v. Yearwood, 45 Ga. App. 203, 164 S. E. 105;

"f.   The unreported case of Williams v. Wyrick,[1] decided by the Court of Appeals for the Eastern Division."

██ This stipulation operates as an abandonment of the above quoted third assignment of error, which was sustained in the former opinion of this Court, and we will now dispose of the case with this assignment of error eliminated, as having before us properly in the record the above mentioned cases decided by the appellate courts of the State of Georgia. It now appearing from the record that the cases and statutes set out in the stipulation were read in evidence in the lower court, this Court will take judicial notice of the cases, as it is not necessary that they should be copied into the record. Bagwell v. McTighe, 85 Tenn. 616, 4 S. W. 46.

From an examination of these cases it is apparent that there has been no change in the laws or judicial decisions of the State of Georgia since the case of Williams v. Wyrick, decided by the Eastern Division of the Court of Appeals in July, 1935. In this case it is said:

"It is well settled in Georgia that an invited guest cannot recover damages from a host caused by the simple negligence of the host in driving his automobile, and that only in cases of gross negligence on the part of the host can the guest recover."

██ It is unnecessary to review the facts of the case at bar, as a statement of the facts is contained in the former opinion of the Court. We were of the opinion then, and are of the opinion now, that, taking that view of the facts most favorable to the plaintiff below, the host was not guilty of gross negligence. However, the record does disclose a state of facts sufficient to take the case to the jury under the law in Tennessee on the question of proximate negligence upon the part of the host, but this is not sufficient to take the case to the jury under the laws of the State of Georgia.

In view of the stipulation above referred to, and the fact that counsel for plaintiff in error has not filed a reply either to the petition for suggestion of diminution of the record or to the petition to rehear, it is apparent that counsel for the respective parties are satisfied, and no question is being made as to the manner in which the laws of the State of Georgia were proved. In the former opinion of this Court the proper procedure in this regard is pointed

---

[1]Not designated for publication.

out in a quotation from the case of De Soto Hardwood Flooring Company v. Table & Cabinet Works, 163 Tenn. 532, 43 S. W. (2d) 1069, in which it is said [page 1070]:

"There may be conflicting decisions or later decisions overruling the former, or the rule announced by the court may have been subsequently changed by statute. . . . It is sometimes difficult when the court has all of the reported cases in a particular jurisdiction before it to determine what the law on the matter under investigation is. The law is constantly changing, and what may be held to be the law to-day may be overruled tomorrow. Hence the necessity of proving what the law is in a foreign jurisdiction."

The clear meaning of this language is that the introduction of a statute or case in evidence is not sufficient, where an objection to the evidence is preserved in the trial court, but that it must be further proved that such case or statute is the law in force in the jurisdiction under consideration.

In the former plight of this record, prior to the suggestion for a diminution of the record and the stipulation, there was no competent evidence of any kind in the record of the law of the State of Georgia upon the question of gross negligence, and it was therefore necessary to reverse the action of the trial court in directing a verdict.

In view of the foregoing, we reverse our former holding and overrule all the assignments of error and affirm the action of the trial court in sustaining the motion for a directed verdict and dismissing plaintiff's suit. The plaintiff in error will pay the costs of this appeal.